IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C. PEPPER LOGISTICS, LLC, ) <br> TIMELESS LOGISTICAL SOLUTIONS, INC., ) <br> INDEPENDENT SERVICE PROVIDER, LLC, ) <br> LOGISTICS RESOURCE SOLUTIONS, INC., ) <br> INTERSTATE SERVICE PROVIDER, INC., ) <br> and LRS LEASING, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LANTER DELIVERY SYSTEMS, LLC, ) <br> WHITE LINE SYSTEMS, LLC, ) <br> DARIEN BROKERAGE, LLC, ) <br> RACHEL TOMASEK, MIKE TOMASEK, ) <br> ANTON LOBOV, ANTOINE WINGARD, ) <br> MARK CORDSEN, RANDI WOOD, ) <br> and JOHN DOES 1 THROUGH 30, ) <br> ) <br> Defendants. ) | Case No. 20-CV-1444 <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Lanter Delivery Systems, LLC ("Defendant Lanter"), with the consent of the remaining Defendants White Line Systems, LLC, Darien Brokerage, LLC, Rachel Tomasek, Mike Tomasek, Anton Lobov, Antione Wingard, Mark Cordsen, and Randi Wood (collectively, with Defendant Lanter, "Defendants"), by and through its counsel, hereby removes Cause No. 20SL-CC04635 from the 21st Judicial Court, St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri. Removal is warranted under 28 U.S.C. § 1441 because this Court

has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.[1] In support of this Notice of Removal, Defendant Lanter states as follows:

**GROUNDS FOR REMOVAL**

1. On September 4, 2020, Plaintiffs C. Pepper Logistics, LLC, Timeless Logistical Solutions, Inc., Independent Service Provider, LLC, Logistics Resource Solutions, Inc., Interstate Service Provider, Inc., and LRS Leasing, LLC (collectively "Plaintiffs") filed a civil action entitled *C. Pepper Logistics, LLC et al. v. Lanter Delivery Systems, LLC* in the Circuit Court for the 21st Judicial Court in St. Louis County, Missouri, assigned Case No. 20SL-CC04635 ("State Lawsuit"). *See* **Exhibit 1** (State Lawsuit Case File) – Petition for Injunctive Relief and Damages.

2. Plaintiffs allege that the State Lawsuit arises from a coordinated plan of Defendants to disable and kill the Plaintiffs' business by unlawfully depriving them of the very means by which they operate their logistics and delivery companies. *See id.* at ¶ 1. Because of the alleged "coordinated plan," Plaintiffs asserted the following causes of action: (i) Conversion; (ii) Unjust Enrichment; (iii) Tortious Interference with Business Expectancy; (iv) Breach of Fiduciary Duty; (v) Breach of Duty of Loyalty; (vi) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (vii) Violation of the Missouri Computer Tampering Act and the Illinois Computer Crime Prevention Law; (viii) Violation of the Missouri Uniform Trade Secrets Act; (ix) Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836(b)(1)); (x) Injunction Pursuant to Computer Fraud and Abuse Act (18 U.S.C. § 1030); (xi) Injunction Pursuant to Mo. Rev. Stat. § 417.455 and 765 ILCS 1065/3; (xii) Claim Pursuant to 49 U.S.C. § 14704; and (xiii) Civil Conspiracy. *See id.*

---

[1] Defendants John Does 1 through 30 have not yet been named, properly joined, or served; therefore, these unnamed defendants cannot yet join in, or consent to, this Notice of Removal. Nor is such consent required. *See Ford v. Associated Electric Cooperative, Inc.*, 2017 WL 5903969, at *2 (E.D. Mo. Nov. 30, 2017) ("It is well-recognized that obtaining the consent of an unserved defendant is not required to effectuate removal to federal court.").

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant Lanter has satisfied each of the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

### Subject Matter Jurisdiction

4. A state court action may be removed to this Court if it is one "of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. *Id.* at §§ 1331; 1441(a).

5. This Court has proper jurisdiction over Plaintiffs' claims in the State Lawsuit pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Specifically, Plaintiffs asserted numerous claims arising out of the laws of the United States: (i) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (ii) Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836(b)(1)); (iii) Injunction Pursuant to Computer Fraud and Abuse Act (18 U.S.C. § 1030); and (iv) Claim Pursuant to 49 U.S.C. § 14704. Therefore, this Court has original federal-question jurisdiction over Plaintiffs' federal claims. *See e.g., Parameter LLC v. Poole,* 2019 WL 6698527, at *7 n.9 (E.D. Mo. Dec. 9, 2019) (finding that the court had subject matter jurisdiction because the plaintiff asserted claims arising under federal law, including the Defend Trade Secrets Act).

6. Supplemental jurisdiction is proper if the causes of action "derive from a common nucleus of operative fact," such that the parties "would ordinarily be expected to try them all in one judicial proceeding." *See* 28 U.S.C. § 1367; *see also United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 725 (1966). Plaintiffs' own petition in the State Lawsuit admits that all claims arise out of the same "nucleus of operative fact" by alleging that Defendants engaged in a "coordinated plan" (*i.e.*, civil conspiracy) to commit the actions that allegedly support both the state and federal

claims asserted against Defendants. *See e.g.*, **Exhibit 1** - Petition at ¶ 209. Consequently, removal of the entire State Lawsuit to this Court is proper under 28 U.S.C. § 1441 et seq.

### Additional Removal Requirements

7. Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Venue is proper in this Court because the State Lawsuit is pending in the 21st Judicial Court, St. Louis County, Missouri, which lies within the Eastern District of Missouri. *See* E.D. Mo. L.R. 2.07(a)(1).

8. No previous application has been made by Defendants for the relief requested herein.

9. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because the petition in the State Lawsuit was not formally served on any of the Defendants until, at the earliest, September 16, 2020. Therefore, this Notice of Removal was filed within thirty (30) days after formal service of the State Lawsuit petition, which provides the basis for this removal.

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file with the 21st Judicial Court, St. Louis County, Missouri in the State Lawsuit, including a copy of the docket sheet, are attached hereto as **Exhibit 1**.

11. Upon filing this Notice of Removal, Defendant Lanter will provide written notice of this Notice of Removal, and all attachments, to Plaintiffs' counsel, in accordance with 28 U.S.C. § 1446(d) and Local Rule 2.03. Defendant Lanter will also promptly file a copy of this Notice of Removal, and all attachments, with the clerk of the state court in which the State Lawsuit was originally filed, in accordance with 28 U.S.C. 1446(d) and Local Rule 2.03.

12. In accordance with 28 U.S.C. § 1441, all Defendants currently named and served in the State Lawsuit consent to this removal and the remaining Defendants have indicated such

consent pursuant to Consents signed by their counsel, attached hereto as **Exhibit 2**. Defendants specifically state, however, that their consent to this removal shall not waive any of Defendants' right to assert any defense or affirmative matter, including, but not limited to those provided under Rule 12 of the Federal Rules of Civil Procedure. *See Growth Opp. Connection, Inc. v. Philadelphia Indem. Ins. Co.*, 2011 WL 6141097, at *10 (W.D. Mo. Dec. 9, 2011) (stating that the Eighth Circuit is clear that removal, in itself, does not constitute a waiver of any defenses, including lack of personal jurisdiction or insufficient service of process).

13.     Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 2.04, Defendant Lanter demands a trial by jury as to all claims so triable in this action.

WHEREFORE, Defendant Lanter Delivery Systems, LLC, with the consent of Defendants White Line Systems, LLC, Darien Brokerage, LLC, Rachel Tomasek, Mike Tomasek, Anton Lobov, Antione Wingard, Mark Cordsen, and Randi Wood, collectively give notice that it removes the above-captioned action from the 21st Judicial Court, St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: October 7, 2020

Respectfully submitted,

THOMPSON COBURN LLP


By: _/s/ Matthew A. Braunel_
Steven E. Garlock (Bar No 38346)
David B. Jinkins (Bar No. 49254)
Matthew A. Braunel (Bar No. 50711)
One U.S. Bank Plaza
Saint Louis, Missouri 63101
P: 314-552-6000
F: 314-552-7000
sgarlock@thompsoncoburn.com
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com

Attorneys for Lanter Delivery Systems, LLC


**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2020, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record. Moreover, I hereby certify that a true and accurate copy of the foregoing was also sent by mail and electronic mail on October 7, 2020 to the following:

Mark H. Levison / Matthew S. McBride / Patrick E. Foppe
Lashley & Baer, P.C.
714 Locust Street
St. Louis, Missouri 63101
mlevison@lashlybaer.com
mmcbride@lashlybaer.com
pfoppe@lashlybaer.com

*Attorneys for Plaintiffs*

_/s/ Matthew A. Braunel_