

**20SL-CC04635 - C. PEPPER LOGISTIC ET AL V LANTER DELIVERY SY ET A (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case

This information is provided as a service and is not considered an official court record.

Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending     Display Options: [All Entries ▾]

**10/06/2020**
☐ **Alias Summons Issued**
Document ID: 20-SMOS-1010, for WINGARD, ANTOINE. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/02/2020**
☐ **Summons Personally Served**
Document ID - 20-SMOS-947; Served To - CORDSEN, MARK; Server - ; Served Date - 26-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Motion Special Process Server**
Request for Appointment of Process Server; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON

☐ **Notice of Service**
Memorandum to Clerk - Service upon Mark Cordsen; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON
**On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC

**10/01/2020**
☐ **Notice of Service**
Memorandum to Clerk - Service upon Anton Lobov; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON
**On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC

☐ **Family Member/Roommate Served**
Document ID - 20-SMOS-945; Served To - LOBOV, ANTON; Server - ; Served Date - 26-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**09/24/2020**
☐ **Notice of Service**
Memorandum to Clerk - Service upon Randi Wood; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON

☐ **Entry of Appearance Filed**
Entry of Appearance - Patrick E Foppe; Electronic Filing Certificate of Service.
**Filed By:** PATRICK EDWARD FOPPE
**On Behalf Of:** C. PEPPER LOGISTICS, LLC

☐ **Summons Personally Served**
Document ID - 20-SMOS-948; Served To - WOOD, RANDI; Server - ; Served Date - 17-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**09/22/2020**
☐ **Notice of Service**
Memorandum to Clerk - Service upon Mike Tomasek; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON
**On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC

☐ **Notice of Service**
Memorandum to Clerk - Service upon Rachel Tomasek; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON

☐ **Notice of Service**
Memorandum to Clerk - Service upon White Line Systems; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON
**On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., LRS LEASING, LLC

☐ **Notice of Service**
Memorandum to Clerk - Service upon Darien Brokerage; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON
**On Behalf Of:** INTERSTATE SERVICE PROVIDER, INC.

☐ **Notice of Service**
Memorandum to Clerk - Service upon Lanter Delivery Systems; Exhibit A - Affidavit and Summons; Electronic Filing Certificate of Service.
**Filed By:** MARK H LEVISON

☐ **Summons Personally Served**
  Document ID 20-SMOS-944; Served To - TOMASEK, MIKE; Server - ; Served Date - 20-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Family Member/Roommate Served**
  Document ID - 20-SMOS-943; Served To - TOMASEK, RACHEL; Server - ; Served Date - 20-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Agent Served**
  Document ID - 20-SMCC-8589; Served To - DARIEN BROKERAGE, LLC; Server - ; Served Date - 16-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Agent Served**
  Document ID - 20-SMCC-8588; Served To - WHITE LINE SYSTEMS, LLC; Server - ; Served Date - 16-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Corporation Served**
  Document ID - 20-SMCC-8587; Served To - LANTER DELIVERY SYSTEMS, LLC; Server - ; Served Date - 16-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

| 09/15/2020 | ☐ **Entry of Appearance Filed** |

Entry of Appearance Filed; Matthew S McBride; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW S. MCBRIDE
  **On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC

| 09/11/2020 | ☐ **Summ Issd- Circ Pers Serv O/S** |

Document ID: 20-SMOS-948, for WOOD, RANDI.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-947, for CORDSEN, MARK.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-946, for WINGARD, ANTOINE.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-945, for LOBOV, ANTON.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-944, for TOMASEK, MIKE.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-943, for TOMASEK, RACHEL.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-8589, for DARIEN BROKERAGE, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-8588, for WHITE LINE SYSTEMS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-8587, for LANTER DELIVERY SYSTEMS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

| 09/04/2020 | ☐ **Filing Info Sheet eFiling** |
  **Filed By:** MARK H LEVISON

☐ **Motion Special Process Server**
Request for Appointment of Special Process Server 3 of 3.
  **Filed By:** MARK H LEVISON
  **On Behalf Of:** C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC

☐ **Motion Special Process Server**
Request for Appointment of Special Process Server 2 of 3.
  **Filed By:** MARK H LEVISON

☐ **Motion Special Process Server**
Request for Appointment of Special Process Server 1 of 3.
  **Filed By:** MARK H LEVISON

☐ **Pet Filed in Circuit Ct**
Petition for Injunctive Relief and Damages.

☐ **Judge Assigned**
DIV 18

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**20SL-CC04635**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **C. PEPPER LOGISTICS, LLC,**<br>a Missouri limited liability company, | ) )<br>) | |
| **TIMELESS LOGISTICAL SOLUTIONS, INC.,**<br>an Illinois corporation, | ) )<br>)<br>) | Cause No. |
| **INDEPENDENT SERVICE PROVIDER, LLC,**<br>a Missouri limited liability company, | ) )<br>) | Division |
| **LOGISTICS RESOURCE SOLUTIONS, INC.,**<br>an Illinois corporation, | ) )<br>) | |
| **INTERSTATE SERVICE PROVIDER, INC.,**<br>an Illinois corporation, | ) )<br>) | |
| **LRS LEASING, LLC.,** an Illinois limited liability<br>company, | ) )<br>) | |
| Plaintiffs, | ) )<br>) | |
| v. | ) )<br>) | |
| **LANTER DELIVERY SYSTEMS, LLC**, a<br>Delaware limited liability company, | ) )<br>) | |
| Serve: CT Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105 | ) )<br>)<br>) | |
| **WHITE LINE SYSTEMS, LLC**, a Texas limited<br>liability company, | ) )<br>) | |
| Serve: William F. Ferrell<br>623 State Highway H<br>Sikeston MO, 63801 | ) )<br>)<br>) | |
| **DARIEN BROKERAGE, LLC**, a Texas limited<br>liability company, | ) )<br>) | |
| Serve: William F. Ferrell<br>623 State Highway H<br>Sikeston MO, 63801 | ) )<br>)<br>)<br>) | |

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**RACHEL TOMASEK,**                    )
                                       )
    <u>Serve</u>: OS899 Thondon Ridge Dr.   )
           Elburn, IL 60119                )
                                       )
**MIKE TOMASEK,**                      )
                                       )
    <u>Serve</u>: OS899 Thondon Ridge Dr.   )
           Elburn, IL 60119                )
                                       )
**ANTON LOBOV,**                       )
                                       )
    <u>Serve</u>: 899 Henrietta Creek Rd       )
           Suite 200                       )
           Roanoke, TX 76262               )
                                       )
**ANTOINE WINGARD,**                   )
                                       )
    <u>Serve</u>: 5101 Terminal St             )
           Suite C                         )
           Charlotte, NC 28208             )
                                       )
**MARK CORDSEN,**                      )
                                       )
    <u>Serve</u>: 20101 E 36th Drive          )
           Aurora, CO 80011                )
                                       )
**RANDI WOOD,**                        )
                                       )
    <u>Serve</u>: 21972 W 125th Cir           )
           Olathe, KS 66061                )
                                       )
**JOHN DOES 1 THROUGH 30,**            )
                                       )
**HOLD SERVICE,**                      )
                                       )
    Defendants.                        )

<u>**PETITION FOR INJUNCTIVE RELIEF AND DAMAGES**</u>

    Plaintiffs **C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., LRS LEASING, LLC** (collectively "Plaintiffs" or "Pepper Companies") for their cause(s) of action against Defendants

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD and JOHN DOES 1 THROUGH 30** (collectively "Defendants"), state, aver, and allege as follows:

1.      This lawsuit arises from the coordinated plan of Defendants to disable and kill the Pepper Companies by unlawfully depriving Plaintiffs of the very means by which they operate their logistics and delivery companies.

2.      Defendants, their agents and co-conspirators devised the plan and orchestrated it out of the headquarters of Defendant Lanter Delivery in St. Louis County, State of Missouri on August 22, 2020.

3.      Defendants scheme included: hijacking and converting approximately 1,000 vehicle power units and trailers (tractor-trailers), which belonged to Plaintiff Logistics Resource; stealing and withholding the Pepper Companies' payroll information; wrongly and tortiously interfering with contracts that the Pepper Companies had with about 700 drivers who were independent contractors ("drivers"); having said drivers drive for Defendants in violation of the Federal Motor Carrier Safety Regulations ("FMCSR"); unlawfully accessing the Pepper Companies' confidential information; and illegally withholding the Pepper Companies' protected property.

4.      Without means to perform any key functions, the Pepper Companies were effectively without the ability to operate as a trucking, transportation, and logistics companies.

5.      Simply put, Defendants' carefully planned and orchestrated plot was in effect a *coup d'état*.

6.      Plaintiffs file this cause of action in an effort to save their businesses from the calculated schemes, artifices, statutory and regulatory violations, and other actions of Defendants to disable Plaintiffs and put them out of business.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**Parties, Jurisdiction and Venue**

7.      Plaintiff C. PEPPER LOGISTICS, LLC ("C Pepper"), is a Missouri limited liability company in good standing with the Missouri Secretary of State.

8.      **TIMELESS LOGISTICAL SOLUTIONS, INC.** ("Timeless Logistical"), an Illinois corporation, with a primary address of 1600 Wayne Lanter Drive, Madison, IL 62060. Timeless Logistical Solutions provides service to its primary customer, LANTER DELIVERY SYSTEMS, LLC, in St. Louis County, State of Missouri.

9.      **INDEPENDENT SERVICE PROVIDER, LLC** ("Independent Service"), is a Missouri limited liability company in good standing with the Missouri Secretary of State.

10.     **LOGISTICS RESOURCE SOLUTIONS, INC.** ("Logistics Resource"), is an Illinois corporation, registered to do business in the State of Missouri, with a primary address of 1600 Wayne Lanter Drive, Madison, IL 62060. Timeless Logistical Solutions provides service to its primary customer, LANTER DELIVERY SYSTEMS, LLC, in St. Louis County, State of Missouri.

11.     **INTERSTATE SERVICE PROVIDER, INC.** ("Interstate Service"), is a Texas corporation, with a primary address of 899 Henrietta Creek Road, Ste. 200, Roanoke, TX 76262.

12.     **LRS LEASING, LLC.** ("LRS Leasing"), is an Illinois limited liability company in good standing with the Illinois Secretary of State.

13.     Defendant **LANTER DELIVERY SYSTEMS, LLC** is a Delaware limited liability company, registered to do business in the State of Missouri, with its corporate headquarters and primary place of business at 13075 Manchester Road, Suite #300, Des Peres, MO 63131.

14.     Defendant **WHITE LINE SYSTEMS, LLC** is a Texas limited liability company with a physical address of 1050 East Grantline Rd, Tracy, CA 95376 and a mailing address of 8101 BOATCLUB RD #240-4002, FORT WORTH, TX, 76179-3631. Defendant WHITE LINE

4

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

SYSTEMS, LLC is registered as a DOT for hire interstate motor carrier of property with USDOT Number 3275987, with registered agent, WILLIAM F FERRELL, 623 State Highway H, Sikeston, MO 63801.

15. Defendant **DARIEN BROKERAGE, LLC**, is a Texas limited liability company with a physical address of 1050 East Grantline Rd, Tracy, CA 95376 and a mailing address of 8101 BOATCLUB RD #240-4002, FORT WORTH, TX, 76179-3631. Defendant **DARIEN BROKERAGE, LLC** is registered as a DOT broker with USDOT Number 3276672, with registered agent, WILLIAM F FERRELL, 623 State Highway H, Sikeston, MO 63801.

16. Defendant **RACHEL TOMASEK** is a married individual residing in Elburn, IL and was the Office Manager of LOGISTICS RESOURCE SOLUTIONS, INC. and other Pepper Companies.

17. Defendant **MIKE TOMASEK** is a married individual residing in Elburn, IL and was the Regional Transportation Manager of the Pepper Companies.

18. Defendant **ANTON LOBOV** is a single individual residing in Pantego, TX and was the Regional Transportation Manager of LOGISTICS RESOURCE SOLUTIONS, INC. and other Pepper Companies.

19. Defendant **ANTOINE WINGARD** is an individual residing in Concord, NC and was the Transportation Manager of the Charlotte area for LOGISTICS RESOURCE SOLUTIONS, INC.

20. Defendant **MARK CORDSEN** is an individual residing in Aurora, CO and was the Transportation Manager of the Denver area for LOGISTICS RESOURCE SOLUTIONS, INC.

21. Defendant **RANDI WOOD** is an individual residing in Olathe, KS and was a Regional Transportation Manager of the Kansas area for LOGISTICS RESOURCE SOLUTIONS, INC.

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

22.     **DOES 1 – 30** are persons or corporate entities whose identities are presently unknown but whose actions and/or inaction may have contributed to and/or caused the injury and damage to Plaintiffs Pepper Companies as shall be learned through discovery in this lawsuit.

23.     This Court has jurisdiction over Defendants because the causes of action asserted against them arise out of the transaction of business or the making of contracts within the State of Missouri, and because the tortious conduct alleged herein occurred in the State of Missouri.

24.     Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.

<u>**Background Facts Relating to All Counts**</u>

25.     This lawsuit arises out of the tortious and wrongful conduct and schemes of Defendants which were orchestrated from the headquarters of Lanter Delivery in St. Louis County, State of Missouri, in which Defendants improperly:

    a.  Hijacked, converted, and took possession of approximately 1,000 power units and trailers in which Logistics Resource had an exclusive possessory leasehold;

    b.  Took possession of LRS Leasing's electronic property, which was located within the power units and trailers described above;

    c.  Caused C Pepper, Timeless Logistical, Independent Service, Interstate Service's drivers to breach their independent contractor agreement or brokerage agreement;

    d.  Caused C Pepper, Independent Service, and/or Logistics Resource's managers and other employees to breach their duties of loyalty and fiduciary duties;

    e.  Caused C Pepper, Independent Service, and/or Logistics Resource's managers and employees to violate the trade secrets act and Defend Trade

Secrets Act and transmit proprietary and confidential information of Pepper Companies to Lanter Delivery, White Line, and Darien Brokerage;

f.  Violated the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR Parts 390 and 391) by having drivers drive without a valid "application for employment" or, a valid pre-employment controlled substances and alcohol test, or valid placards on their trucks;

g.  Unlawfully coerced and/or abetted drivers to violate the Federal Motor Carrier Safety Regulations;

h.  Violated Federal Motor Carrier "Leasing Regulations (49 CFR Part 376) by utilizing Pepper Companies' equipment without valid leases; and

i.  Tortiously interfered with C Pepper, Timeless Logistical, Independent Service, and Interstate Service's business expectations with Non-Lanter Customers by causing lessors to breach lease agreements relating to the lease of equipment.

26.     Lanter Delivery is operated by Steve Lanter and Bo Lanter from their headquarters in St. Louis County, State of Missouri.

27.     Jim Pepper worked for Defendant Lanter Delivery from 1991 to 1997 holding various positions.

28.     Pepper left Lanter Delivery in 1997 and started Express Delivery Logistics, which became a Designated Carrier Partner (DCP) for Lanter Delivery. Express Delivery Logistics eventually became Independent Service Provider, Inc.

29.     As Lanter Delivery grew from using minivans, to deliver various products to its customers, to power units and trailers, Pepper's companies grew as well.

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

30.     By 2012, Pepper Companies had grown to bill Lanter Delivery approximately $5 million per year. By August 22, 2020, Pepper Companies comprised approximately 50% of Lanter Delivery's DCPs. The remaining 50% was comprised of numerous, much smaller, DCPs which worked with Lanter Delivery.

31.     As a DCP, C Pepper, Timeless Logistical, Independent Service, and Interstate Service had written contracts with drivers for power units, which Pepper Companies leased from various individuals and entities (including Ryder). These drivers had substantially similar written contracts with C Pepper, Timeless Logistical, Independent Service, and Interstate Service which included requirements for, among other things:

> a.  10 day notice provision prior to termination of the independent contractor agreement by either party;
>
> b.  Requirement to return units back to Logistics Resource and to provide a written receipt for same;
>
> c.  Calculations for compensation, escrow funds, and allocation of expenses.

32.     Between 1997 and 2020, Lanter Delivery worked with many other DCPs in addition to Pepper Companies. These relationships failed as those DCPs were unable to meet a mutually agreeable contract with Lanter Delivery.

33.     C Pepper, Timeless Logistical, Independent Service, and Interstate Service were equipped with lift gate trailers, which allowed them to engage in the delivery of specialty equipment that other major carriers did not possess.

34.     C Pepper, Timeless Logistical, Independent Service, Interstate Service, and Logistics Resource were also able to engage in overnight and emergency deliveries.

35.     Pepper Companies maintained offices on property owned and/or possessed by Lanter Delivery in Madison, Illinois, Rock Island, IL, Shreveport LA, Forest Park, GA, Buford,

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

GA, Knoxville, TN, Johnson City, TN, Macon GA, Orlando, FL, Fort Lauderdale, FL, Garden City, GA, Tampa, FL, Aurora, CO, Billings, MT, Salt Lake City, UT, West Fargo, ND, Olathe, KS, Hays, KS, Charlotte, NC, Greensboro, NC, Bloomington, IL, Minooka, IL, Murfreesboro, TN, Lafayette, LA, Brandon, MS, Morrisville, NC, Memphis, TN, Roanoke, TX, Corpus Christi, TX, Abilene, TX, Austin, TX, Houston, TX, Forest Park, GA, Tifton, GA, Bismarck, ND, Sioux Falls, SD, and Greenville, SC.

36.     From approximately 2018 to present, Lanter Delivery began denying rate increases to Timeless Logistical, regarding many expenses but specifically vehicle insurance and physical and operational expenses.

37.     In July, 2019, Timeless Logistical elected not to renew the contract with Lanter Delivery. Pepper Companies and Lanter began immediately negotiating terms for a mutually beneficial agreement and the companies continued to work together, with Pepper Companies continuing to serve as a DCP to Lanter Delivery.

38.     The negotiations came to an abrupt end on Saturday, August 22, 2020.

39.     That day, August 22, 2020, Timeless Logistical received a Notice of Discontinuation of Services on Lanter Delivery letterhead from its office in St. Louis County, State of Missouri, indicating among other things, that:

      a.  Lanter Delivery was discontinuing the services of Timeless Logistical with immediate effect;

      b.  Lanter Delivery engaged an existing DCP to "assume responsibility for operating in the markets currently operated by Timeless [Logistical]"; and

      c.  Timeless Logistical was directed to remove "all Equipment" from Lanter Delivery facilities.

40.    This Notice of Discontinuation of Services came as a complete surprise to the Pepper Companies as it learned that day that a conspiracy had been carefully hatched and executed by Defendants such that Logistics Resource was no longer able to access the approximately 1,000 power units and trailers it leased, their employees and managers were sharing proprietary and confidential information with Lanter Delivery and White Line, and its drivers had been cajoled into working for Lanter Delivery and White Line without having given C Pepper, Timeless Logistical, Independent Service, and Interstate Service the contractually-required 10 day notice.

**Drivers and Employees of Pepper Companies**

41.    As part of the plan to disable and kill the Pepper Companies, representatives of Lanter Delivery on or before August 22, 2020 met with managers of the Pepper Companies and drivers at the following terminal locations:  Madison, Illinois, Rock Island, IL, Shreveport LA, Forest Park, GA, Buford, GA, Knoxville, TN, Johnson City, TN, Macon GA, Orlando, FL, Fort Lauderdale, FL, Garden City, GA, Tampa, FL, Aurora, CO, Billings, MT, Salt Lake City, UT, West Fargo, ND, Olathe, KS, Hays, KS, Charlotte, NC, Greensboro, NC, Bloomington, IL, Minooka, IL, Murfreesboro, TN, Lafayette, LA, Brandon, MS, Morrisville, NC, Memphis, TN, Roanoke, TX, Corpus Christi, TX, Abilene, TX, Austin, TX, Houston, TX, Forest Park, GA, Tifton, GA, Bismarck, ND, Sioux Falls, SD, and Greenville, SC.

42.    Managers of the Pepper Companies were incentivized with the support of Lanter Delivery with "huge" signing bonuses and pay increases to shift their allegiance from Pepper Companies to Lanter Delivery and its new primary DCPs:  White Line and Darien Brokerage.

43.    Both White Line and Darien Brokerage are, upon information and belief, owned and operated by Alonzo White.

44.     As an important element of the plan to disable and kill the Pepper Companies, Lanter Delivery, White Line, and Darien Brokerage secured access to the schedules and cell phone numbers of the approximately Plaintiff's 700 drivers nationwide through these managers.

45.     In turn, these former Pepper Company managers now primarily working for White Line and Darien Brokerage, along with representatives of Lanter Delivery, urgently sought to have the drivers complete new applications to drive for White Line and Darien Brokerage beginning on August 22, 2020, despite knowing that most drivers had independent contractor agreements with the Pepper Companies, which required 10 days notice to terminate along with other legal obligations.

46.     At the numerous surreptitious meetings, the drivers of Pepper Companies were told in person, or via cell phone, by representatives of Lanter Delivery that:

    a.   drivers would receive a bonus of $200 for Class A drivers and $100 for Class C drivers if they left Pepper Companies and "signed on" to White Line;

    b.   drivers would receive a bonus of $300 for Class A drivers and $200 for Class C drivers for recruiting 100% of the other drivers away from Pepper Companies to sign on to White Line; and

    c.   Class A drivers would receive a $200 bonus if they took a drug test.

47.     Additionally, these drivers were informed by representatives of Lanter Delivery that it would protect the drivers and take care of them if there was any adverse action taken against said drivers by the Pepper Companies.

48.     The drivers were told by Lanter Delivery that if they communicated with Pepper Companies in any way so as to inform them of these meetings, even if to give Pepper Companies

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

the contractually-required termination notice, said drivers would be ineligible for hire by White Line.

49.     As a piece of the coordinated plan by Lanter Delivery and its co-conspirators, counsel for Pepper Companies received a cease-and-desist communication on August 22, 2020 from a law firm representing Lanter Delivery, Darien Brokerage, and/or White Line. Incredibly, this same law firm had previously advised Pepper Companies on multiple matters relating to Lanter Delivery. This purported cease-and-desist, issued on the same day Defendants simultaneously executed their plan at locations across the United States, claimed to pertain to "drivers and motor carriers who have agreed to do business (or contracted) with White Line in order to service Lanter's customers in connection with Lanter's contract with Darien Brokerage."

50.     This cease-and-desist communication was written to protect Lanter Delivery's interests and intentionally and deceptively stated that "Lanter is not hiring or engaging any of the workers at issue, and so it obviously has no intent to violate any enforceable noncompete agreement your client has with anyone, drivers included. Lanter has made that clear to Darien Brokerage and White Line, and we know they feel the same."

51.     As part of its disable and kill plan, at the same time, Lanter Delivery was deceiving the Pepper Companies by falsely claiming it had no intention of hiring its workers, Lanter Delivery was telling the drivers that it would represent them if there was a suit with Pepper Companies and would otherwise "protect them" if any entity took legal action against them.

52.     The same day, August 22, these drivers were directed by White Line, Darien Brokerage, and Lanter Delivery to unlawfully drive Logistics Resource's nearly 1,000 power units and trailers, which were all subject to a valid leases and in which Logistics Resource had an exclusive possessory interest.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

53. After August 22, the drivers effectively hijacked Logistics Resource's power units and trailers, and drove the rest of the week for the benefit of Lanter Delivery, White Line, and Darien Brokerage, without authorization of the Pepper Companies.

54. By driving the power units and trailers the week of August 22, the drivers were violating the following FMCSR by:

    a. Driving without a valid "application for employment" in violation of 49 C.F.R. section 391.21;

    b. Driving without a valid pre-employment controlled substances and alcohol test in violation of 49 C.F.R. section 382.301; and/or

    c. Driving equipment with DOT placards of the Pepper Companies without permission in violation of 49 C.F.R. section 390.21.

55. Likewise, Defendants violated the aforesaid FMCSR by virtue of 49 C.F.R. section 390.11.

56. Lanter Delivery, White Line, and/or Darien Brokerage improperly coerced said drivers to violate the aforesaid FMCSR, which is a violation of 49 C.F.R. section 390.6.

57. Lanter Delivery, White Line, and/or Darien Brokerage aided, abetted, encouraged or required said drivers to violate the aforesaid FMCSR, which is a violation of 49 C.F.R. section 390.13.

58. Lanter Delivery, White Line, and/or Darien Brokerage used the equipment without a written lease with Logistics Resource, the "owner" of the equipment, for Lanter Delivery, White Line, and/or Darien Brokerage's benefit in violation of 49 C.F.R. sections 376.11 and 376.12.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**Faithless Employees of Pepper Companies**

59.     Lanter Delivery, White Line, and/or Darien Brokerage had communications to lure away many employees, including managers and regional managers, of Pepper Companies, which upon information and belief, occurred well before August 22, 2020.

60.     For example, on Friday, August 21, 2020 the management of Lanter Delivery communicated from its office in St. Louis County, State of Missouri, with representatives of White Line as they finalized the plan and scheme to hijack and convert Logistics Resource's equipment with an email that stated:

> Don,
>
> Colin and I have attached the Rockies Equipment master control document to complete the documentation of your equipment moves beginning on 8/22.
>
> Please note the following worksheets:
>
> 1.      Current Lease Power Fleet
>         a.      Complete column G Current Delivery X Dock
>         b.      Complete column H Transferred to Location
> 2.      Current Lease Trailer Fleet
>         a.      Complete column G Current Delivery X Dock
>         b.      Complete column H Transferred to Location
> 3.      Temporary Rental Power Fleet
>         a.      Complete column H Transferred to Location
> 4.      Temporary Rental Trailer Fleet
>         a.      Complete column J Transferred to Location
>
> Thanks, in advance, for your assistance in completing this file.
>
> This will provide vital information to approve rental invoices, validate current fleet profile, and to efficiently manage the exchange of all lease and rental equipment.

61.     On August 22, 2020, in carrying out the scheme to disable and kill Pepper Companies, which was planned in St. Louis County, State of Missouri, representatives of Lanter Delivery met with managers of Pepper Companies at Madison, Illinois, Rock Island, IL, Shreveport LA, Forest Park, GA, Buford, GA, Knoxville, TN, Johnson City, TN, Macon GA,

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Orlando, FL, Fort Lauderdale, FL, Garden City, GA, Tampa, FL, Aurora, CO, Billings, MT, Salt Lake City, UT, West Fargo, ND, Olathe, KS, Hays, KS, Charlotte, NC, Greensboro, NC, Bloomington, IL, Minooka, IL, Murfreesboro, TN, Lafayette, LA, Brandon, MS, Morrisville, NC, Memphis, TN, Roanoke, TX, Corpus Christi, TX, Abilene, TX, Austin, TX, Houston, TX, Forest Park, GA, Tifton, GA, Bismarck, ND, Sioux Falls, SD, and Greenville, SC.

62.     Managers of Pepper Companies were incentivized by Lanter Delivery to shift their allegiance from Pepper Companies to Lanter Delivery, White Line, and Darien Brokerage. At these numerous surreptitious meetings, the Managers of Pepper Companies were told by representatives of Lanter Delivery that:

   a.  Managers would receive a bonus of $1,000 if they left Pepper Companies and "signed on" to White Line;

   b.  Managers would receive a $1,000 bonus for recruiting 100% of the drivers away from Pepper Companies to sign on to White Line; and

   c.  Managers would receive a $1,000 bonus if the drivers retained ran every day for 5 weeks.

63.     For example, as part of the scheme in which Lanter Delivery, White Line, Darien Brokerage, and others were involved, on August 22, 2020 at 1:25 PM, Anton Lobov, a Regional Transportation manager emailed, from his Logistics Resource Solutions email address, to three employees of White Line at White Line email addresses, the "San Antonio Payroll for weekend ending 8.22.2020." Attachments to this email consisted of two Excel spreadsheets.

64.     The first Excel spreadsheet contained the Active Driver List for San Antonio by name, vehicle type, area, etc. Just for completeness, Lobov also included Terminated drivers in his information, which he provided to White Line.

65.    The second Excel spreadsheet Lobov attached in his email to White Line contained the San Antonio Payroll for not just the weekend ending August 22, but also:

    a.  Week ending June 27, 2020

    b.  Week ending July 4, 2020

    c.  Week ending July 11, 2020

    d.  Week ending July 18, 2020

    e.  Week ending July 25, 2020

    f.  Week ending August 1, 2020

    g.  Week ending August 8, 2020

    h.  Week ending August 15, 2020

    i.  Week ending August 22, 2020

66.    This payroll was for drivers, Managers and contained all notes (including medical and legal notes), bonus, special and daily rate information for these employees and drivers.

67.    Lobov also sent the following emails containing confidential and proprietary information of Pepper Companies from his Logistics Resource Solutions email address to his personal email account:

    a.  Subject line "Driver performance," August 22, 2020, 10:22 AM with an Excel spreadsheet attached titled "GM Dedicated driver scorecard.xlsx"

    b.  Blank subject line, August 22, 2020, 8:25 AM with the following Excel spreadsheets attached titled

        i.  MASTER SHEET FOR ELD USE IN TEXAS.xlsx, which detailed the property of LRS Leasing which had been installed in the power units and trailers leased by Logistics Resource in Texas.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

    ii.  TX Coverage as of 7.11.2020.xlsx, which included regions such as Houston, Roanoke San Antonio (sic), Austin, Abilene Lubbock (sic), and Corpus Christi.

    iii.  TX Driver Report card as of 12.04.19.xlsx, which included regions such as Houston, Roanoke San Antonio (sic), Austin, Abilene Lubbock (sic), and Corpus Christi. This included internal company notes such as observations on drivers, customer complaints, status of training, tardiness issues as well as rate of pay

c.  Subject line "Driver performance," August 22, 2020, 8:15 AM with the following Excel spreadsheets attached titled

    iv.  James Sendejo replacement.xls. The Excel sheet in this spreadsheet bears the title "**CONFIDENTIAL_26ft+box+truck+dri**." This contained data relating to name, phone no., and job location of job candidates.

    v.  112 route replacement.xls. The Excel sheet in this spreadsheet bears the title "**CONFIDENTIAL_Box+truck+drivers+**." This contained data relating to name, phone no., and job location of job candidates.

    vi.  Elp.1 candidates.xls. The Excel sheet in this spreadsheet bears the title "**CONFIDENTIAL_26ft+box+truck+dri**." This contained data relating to name, phone no., and job location of job candidate

    vii.  Corpus Christi Specials Log 8.08.20.xlsx. This included such sheets in the Excel spreadsheet as the Maintenance & Fuel Calculator and the Specials Log.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

    d.  Subject line "San Antonio Pay," August 22, 2020, 8:08 AM with the following Excel spreadsheets attached

        viii.  San Antonio Drive WE 08.15.2020.xlsx. This sheet included the position of each such driver by name, vehicle type, and Las Six of EFS Card for both active and terminated drivers.

        ix.  San Antonio Payroll_8.15-2020_.xlsx. This was the same payroll information discussed above, but ended for the week ending August 15, 2020.

        x.  San Antonio Specials Log 7.25.20.xlsx.

        xi.  Timeless-San Antonio Lead Driver Route Coverage w.e 7.25.2020.xlsx

    e.  Subject line "Austin pay," August 22, 2020, 8:01 AM with Excel spreadsheets attached which followed the same format as described in subparagraph (d) above.

    f.  Subject line "Fw: Abilene Pay," August 22, 2020, 7:57 AM with Excel spreadsheets attached which followed the same format as described in subparagraph (d) above.

    g.  Subject line "Fw: ROANOKE PAY," August 22, 2020, 8:08 AM with Excel spreadsheets attached which followed the same format as described in subparagraph (d) above.

    h.  Subject line "Fw: ATTACHMENTS," August 22, 2020, 7:53 AM with an Excel spreadsheet attached titled "Roanoke Payroll_8.15.2020.xlsx."

68.    As another example, on Monday, August 24, 2020 11:32 AM, Antoine Wingard sent an email with the subject line "Payroll Documents" to Jeff Pentecost at Lanter Delivery, who

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

upon information and belief is officed in St. Louis County, State of Missouri. Therein, Wingard stated:

> I've attached our payroll for reference.
>
> 1.      The Payroll copy is a base of what each driver would make each week if they didn't miss any days and didn't do any additional specials. The only exception to this one is Housekeeping. It is currently under Shawn White, but it does move to other drivers from time to time
>
> 2.      The Payroll 8/22/2020 is what each driver actually made for week ending 8/22/2020. It includes any specials and absences.

69.      Pepper Companies has learned that by, if not before, August 25, 2020, Lanter Delivery was communicating with other managers of Pepper Companies, such as Ken Hudson, Fred Bradley, Adam Hunley, Marcus Brinson, Daniel Scott Whitehead, John Bartlett, Joe Stephen, Marshall Morris, Eli Encarnacion, James Whirley, Jason Coffy, Brendon Kelly, Mark Cordsen, Lori Funk, Tom Orth, Teddy Cruz, Trevor Graening, Tyler Vinson, Cassie Desantiago, Randi Wood, Mike Sullivan, Clayton Jenison, Chris Edenfield, Allyson Dechant, Josh Lopez, Mike Tomasek, Kim Theobald, Ed Payne, Todd Rosenthal, Antoine Wingard, Nelson Daye, Ryan Kornas, Anthony Messina, Ray Banner, Annette Mellano, David Bryant, Ralph Thrasher, Ron Lapadula, Moses Gathuri, James Armstrong, Anton Lobov, Brian St. John, Reuben Gallegos, Charles Magana, Gavin Cheyne, Kedrice Green, Bastian Alvear, Stori Dewberry, Steve Allen, Eric Dockins, Dominique Dixon, David Suttles, and Rachel Tomasek via their Pepper Companies email addresses. Upon information and belief, these managers withheld payroll information from Pepper Companies to benefit Defendants, provided proprietary, confidential, and trade secret information to Defendants, and otherwise plotted and planned with Defendants to further the scheme, plot, and plan to disable and kill Pepper Companies.

70.      At least one email with the subject line of "Transition next steps" provided said managers with talking points created by Lanter Delivery in St. Louis County, State of Missouri, to

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

convince the drivers to aid in said drivers' transition to White Line, Darien Brokerage, and Lanter Delivery.

71.     Upon information and belief, these other managers of Pepper Companies, and other John Does, also provided proprietary and confidential information to Lanter Delivery and White Line.

72.     Additionally, on August 25, 2020, employees and agents of Lanter Delivery, who, upon information and belief were officed in St. Louis County, State of Missouri, emailed Mark Cordsen to "update" the Aurora, Colorado drivers to determine which Pepper Companies drivers had switched over to Lanter Delivery and White Line.

73.     Independent Service has received notice from agencies in Utah that after August 22, 2020, inspections were performed by said agencies upon power units and trailers and other equipment in which Logistics Resource had a possessory interest but were illegal driven for the benefit of Lanter Delivery, White Line, and/or Darien Brokerage after Logistics Resource made it explicitly clear that its equipment was not authorized to be used.

**Ryder**

74.     Lanter Delivery also sent correspondence, via electronic mail, originating in St. Louis County, State of Missouri, to Ryder Truck Rental, Inc. ("Ryder") on August 22, 2020 stating that:

   a.   Lanter Delivery terminated its business relationship with Timeless Logistical; and

   b.   Lanter Delivery assumed that the agreement solely between it and Ryder, the Limited Collection Facilitation and Assumption Agreement, may in some manner impact any agreements between the Logistics Resource and Ryder.

75. This of course was on the *same day* that Pepper Companies learned that Lanter Delivery was terminating its relationship(s) with Timeless Logistical and thereby its business relationship with the Pepper Companies.

76. On information and belief, the same investment group, EGI, owns a large percentage of Lanter Delivery, and associated entities, as well as Ryder and its parent entity.

77. As a result of the correspondence to Ryder, and what is believed to be a shared ownership interest between Lanter Delivery and Ryder, on the same day Ryder received the correspondence from Lanter Delivery (Saturday, August 22, 2020), an email was sent by Brett Worley, a Director of Accounts Receivable and Collections of Ryder, to Jim Pepper and Tim Drew, of Logistics Resource.

78. In the e-mail, Ryder declared an anticipatory breach of the Ryder agreement by Logistics Resource based upon the information purportedly received from Lanter Delivery *on the same day*.

79. Based upon information and belief, the shared ownership between Lanter Delivery and Ryder incentivized Ryder to coordinate with Lanter and to send the subject correspondence mere hours later, on a Saturday.

80. Despite any self-serving correspondence to the contrary, under the Truck Lease and Service Agreement dated April 11, 2014 between Logistics Resource and Ryder, a seven-day notice requirement existed before which the leases with Logistics Resource could be forfeited.

81. In contravention of that seven-day notice requirement, through the scheme, coordination, and efforts of Lanter Delivery, White Line, Darien Brokerage, the former drivers of Pepper Companies, faithless employees of Pepper Companies, and other members of the scheme, all of which was planned in St. Louis County, State of Missouri, Logistics Resource's *possession*

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

of all its leased equipment from Ryder, except about fourteen of the nearly 1,000 units, was stripped away on August 22, 2020.

82.     Even though the equipment for which Logistics Resource still had a valid and enforceable lease with Ryder should have remained in the possession of Logistics Resource, this equipment, these approximately 1,000 units of equipment, were either

> a.  being used for Lanter Delivery's benefit by drivers and independent contractors who were no longer contracted by Pepper Companies, and/or
>
> b.  despite assurances to the contrary, Ryder, Lanter Delivery, and their agents, employees, and representatives, misrepresented to Logistics Resource that they could access the leased equipment at any time.

83.     Simply put, the newly-converted drivers of Lanter Delivery, White Line, and Darien Brokerage changed where their paychecks were coming from on August 22, got back in the power units leased by Logistics Resource and drove off to make money for Lanter Delivery, White Line, and Darien Brokerage.

84.     Logistics Resource at all times kept current the insurance on this leased equipment.

85.     Further, Lanter Delivery did not cooperate with Logistics Resource to provide access to Logistics Resource's equipment.

86.     As part of the scheme to disable and kill Pepper Companies, Lanter Delivery and/or its independent contractors, representatives, and/or agents in White Line and/or Darien Brokerage logged thousands of miles between August 22 and August 30 on power units and trailers exclusively leased and insured by Pepper Companies.

87.     Lanter Delivery did extend a small window of time on August 30, 2020 to Pepper Companies to retrieve office equipment at an office maintained on property owned or leased by Lanter Delivery.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

88.     Independent Service was contacted by authorities relating to inspections performed on said equipment after August 22, 2020. For example, on or about August 26, 2020, a unit was pulled over for a DOT inspection in which the DOT contacted Independent Service.

### Other Vendors

89.     Additionally, on August 22, 2020, counsel for Logistics Resource received a Notice of Default and Termination from Dedicated Equipment Solutions, LLC, which related to the rental of equipment in Montana comprised of pick-up trucks and trailers.

90.     This despite the fact that payment for said lease had been timely authorized and issued by Logistics Resource on August 10, 2020 pursuant to invoice no. 202007T.

91.     Logistics Resource has no knowledge as to why said payment would not have been received by Dedicated Equipment Solutions other than that its delivery was handled by Rachel Tomasek. Upon information and belief, this was part of Rachel Tomasek's role in the conspiracy, plot, and plan of Defendants to disable and kill Pepper Companies.

92.     Rachel Tomasek had *no* independent authority to delay or fail to deliver any payment to be made on behalf of Logistics Resource.

93.     Further, on August 28, 2020, Logistics Resource received a demand from Ryder to return certain units and equipment rented from Ryder in a contract separate and apart from the Ryder contract referenced above, which were rented on a short-term basis to service Logistics Resource's Centurion Container, LLC ("Centurion") account.

94.     Logistics Resource was current on the lease/rental with Ryder for this equipment leased/rented to service its Centurion account.

### Electronic Property Owned by Pepper Companies

95.     In each vehicle power unit, LRS Leasing purchased and had the following electronic items installed (hereafter, "Pepper Electronic Property"):

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

    a.   Geotab black boxes (ELD/GPS) which are installed and connect to the power unit's onboard central processing unit (CPU). These are attached to the plug port located below the steering wheel. The accompanying black box is secured under the steering wheel with zip ties.

    b.   Samsung tablets which were mounted in a tablet holder on the power unit's dash.

    c.   Drivecams Dash Camera Systems which were mounted on the power unit's dash.

96.    This Pepper Electronic Property, which is worth many thousands of dollars in aggregate, remains in the possession of Defendants as part of their scheme.

97.    To the extent that White Line and its drivers are using the Pepper Electronic Property to meet their regulatory requirements under state and federal law, there has been no authorization to do so.

## COUNT I - CONVERSION

98.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

99.    Pepper Companies had a current and valid possessory interest in the approximately 1,000 power units and trailers and any other equipment leased from Ryder and had legal possession of said equipment at the time possession of the equipment was deprived of Pepper Companies as part of the scheme, plan, coordination, and concerted efforts of Defendants and conveyed to Defendants as alleged hereinabove.

100.    The scheme, to disable and kill Pepper Companies, was planned in and coordinated with all Defendants from St. Louis County, State of Missouri.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

101.    At all relevant times, LRS Leasing was and is the owner and had legal possession of the Pepper Electronic Property maintained inside the equipment leased from Ryder and from Dedicated Equipment Solutions, LLC.

102.    At all relevant times, as alleged in paragraphs 165 through 167 hereinbelow, Pepper Companies was and is the owner and had legal possession of the trade secret, confidential and proprietary information on the computers owned by Pepper Companies and improperly accessed by Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD and JOHN DOES 1 THROUGH 30 as part of the scheme, plan, coordination, and concerted efforts of Defendants.

103.    Pepper Companies are entitled to the immediate possession of all property and information taken by Defendants.

104.    Defendants, acting on their own behalf or through their agents, have wrongfully taken possession of approximately 1,000 power units, trailers, and other equipment in which Pepper Companies had a possessory interest, and of the Pepper Electronic Property maintained inside the equipment leased from Ryder and from Dedicated Equipment Solutions, LLC, and of the trade secret, confidential and proprietary information of Pepper Companies, and appropriated this for their own use in open defiance of Pepper Companies' right to immediate possession thereof. The property includes, but is not limited to, the possessory interest in the equipment by Plaintiffs, Pepper Electronic Property, and trade secret, confidential and proprietary information.

105.    Defendants took possession of the information and property alleged above with the intent to exercise control to the exclusion of Plaintiffs' right of ownership and possession. Defendants have unlawfully come into possession of the property and unlawfully converted it and disposed of it to the damage of Plaintiffs.

106.    At this early stage of the lawsuit, it is impossible to determine the extent of the property taken and the exact value thereof.

107.    The actions of Defendants are both extreme and outrageous because of their evil motive and reckless disregard for the rights of Plaintiffs.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against respectfully requests that this Court enter an injunction against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish respectfully requests that this Court enter a preliminary and permanent injunction against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem just and proper.

## COUNT II - UNJUST ENRICHMENT

108.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

109.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants have wrongfully taken possession of the trade secret, confidential and proprietary information of Plaintiffs, along with equipment that was subject of valid leasehold interests and Pepper Electronic Property maintained in said equipment as part of the scheme, plan, coordination, and concerted efforts of Defendants.

110.    Defendants have been unjustly enriched by obtaining the benefit of the trade secret, confidential and proprietary information of Pepper Companies along with equipment that was subject of valid leasehold interests and Pepper Electronic Property maintained in said equipment without paying for its benefit.

111.    The trade secret, confidential and proprietary information of Pepper Companies has value to Defendants as it identifies items which provide Defendants a competitive advantage, including but not limited to, employee salaries, amounts paid to drivers, customers, vendors, pricing, and any discounts to customers. The other property and equipment has value to Defendants as indicated by market value of said Pepper Electronic Property and equipment.

112.    As a proximate cause of Defendants' actions, Defendants have and will continue to be unjustly enriched at the expense of Pepper Companies.

113.    Defendants acted with evil motive and reckless indifference to the rights and interests of Pepper Companies in the trade secret, confidential and proprietary information of Pepper Companies, or of Plaintiffs' rights and interests in the personal property and equipment.

114.    Defendants should be required to disgorge their unjust enrichment.

115.    It would be inequitable and unjust for Defendants to retain the benefits of possessing and utilizing the trade secret, confidential and proprietary information of Pepper Companies, or of the Pepper Electronic Property and equipment.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT III — TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

116.     C Pepper, Timeless Logistical, Independent Service, and Interstate Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

117.     C Pepper, Timeless Logistical, Independent Service, and Interstate Service had numerous customers which were wholly unrelated to Lanter Delivery ("Non-Lanter Customers").

118.     Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, upon information and belief, Defendants Lanter Delivery Systems, White Line, and Darien Brokerage, have improperly used the proprietary, trade secret, and/or confidential information of C Pepper, Timeless Logistical, and Interstate Service or other improper information to induce or solicit entities such as Ryder to cancel such relationships and

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

deprive Logistics Resource from the equipment necessary to service the Pepper Companies accounts for these Non-Lanter Customers.

119.    C Pepper, Timeless Logistical, Independent Service, and Interstate Service had the reasonable business expectation that its drivers and employees would continue act pursuant to the terms of the written contracts with these drivers and employees.

120.    Defendants had knowledge of, or reasonably should have had knowledge of, this reasonable business expectation of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

121.    To service their Non-Lanter Customers, Logistics Resource rented/leased certain equipment from Ryder.

122.    Pepper Companies had the reasonable business expectation that it would continue to supply services to its Non-Lanter Customers and that their relationships with their existing Non-Lanter Customers would not be interfered with by Defendants.

123.    Defendants had knowledge of, or reasonably should have had knowledge of, this reasonable business expectation of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

124.    Upon information and belief, Defendants have improperly used the proprietary, trade secret, and/or confidential information of C Pepper, Timeless Logistical, Independent Service, and Interstate Service or other improper information to induce or solicit drivers and employees of C Pepper, Timeless Logistical, Independent Service, and Interstate Service to breach their fiduciary duties and duties of loyalty with and to C Pepper, Timeless Logistical, Independent Service, and Interstate Service and to sever their relationship with them.

125.    Defendants, through their intentional interference with the contractual relationships between C Pepper, Timeless Logistical, Independent Service, and Interstate Service and their Non-

Lanter Customers, drivers, and employees, induced or caused C Pepper, Timeless Logistical, Independent Service, and Interstate Service's vendors, drivers, and the fiduciary duties and duties of loyalty employees to sever their relationships with C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

126.    C Pepper, Timeless Logistical, Independent Service, and Interstate Service made business decisions upon the reasonable belief that their service to Non-Lanter Customers and their relationship with its drivers and employees would continue.

127.    The intentional and unreasonable interference of Defendants will prevent the service to Non-Lanter Customers and its relationship with its drivers and employees and will harm C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

128.    Defendants used improper means to procure such intentional and unreasonable interference.

129.    Defendants through their plan to disable and kill the Pepper Companies, engaged in such intentional and unreasonable interference without reasonable justification.

130.    Defendants' actions have directly and proximately caused C Pepper, Timeless Logistical, Independent Service, and Interstate Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of Non-Lanter Customers, loss of business goodwill, loss of competitive advantage and loss of business. The actions of Defendants are both extreme and outrageous because of their evil motive and reckless disregard for the rights of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

131.    The exact amounts of damages are unknown to C Pepper, Timeless Logistical, Independent Service, and Interstate Service at present, but will be determined through discovery. C Pepper, Timeless Logistical, Independent Service, and Interstate Service reasonably believe, however, that such damages well exceed the $25,000 jurisdictional threshold for this Court.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and INTERSTATE SERVICE PROVIDER, INC., respectfully request that the Court enter judgment in their favor and against LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, to award them their costs and expenses, to enter injunctive relief restraining and enjoining Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 from interfering with their contracts and expectancies, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and INTERSTATE SERVICE PROVIDER, INC. pray the Court for judgment in their favor and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 for actual damages in an amount over Twenty-Five Thousand Dollars, as the evidence will show, and punitive damages, together with interest at the highest legal rate per annum from the relative dates to the date of judgment, for the costs of this action, including attorney's fees, and for such other and further relief as the Court deems just and proper, and to grant such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

## COUNT IV — BREACH OF FIDUCIARY DUTY
### (Against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30)

132.    Logistics Resource, C Pepper, and Independent Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

133.    As Transportation Manager of Logistics Resource, MARK CORDSEN was a top tier and upper echelon employee of Logistics Resource.

134.    As Regional Transportation Manager of Logistics Resource, MIKE TOMASEK was a top tier and upper echelon employee of Logistics Resource.

135.    As Transportation Manager of Logistics Resource, ANTOINE WINGARD was a top tier and upper echelon employee of Logistics Resource.

136.    As Regional Transportation Manager of Logistics Resource, ANTON LOBOV was a top tier and upper echelon employee of Logistics Resource.

137.    As Office Manager of Logistics Resource, RACHEL TOMASEK was a top tier and upper echelon employee of Logistics Resource.

138.    As Office Manager of Logistics Resource, RANDI WOOD was a top tier and upper echelon employee of Logistics Resource.

139.    As Transportation Managers, Regional Transportation Managers and Regional Recruitment Managers of certain Pepper Companies, John Does 1 through 30 were top tier and upper echelon employees of Logistics Resource, C Pepper, and/or Independent Service.

140.    As top tier and upper echelon employees of Pepper Companies, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 owed a fiduciary duty to Logistics Resource, C Pepper, and/or Independent Service.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

141.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 breached their fiduciary duty owed to Logistics Resource, C Pepper, and/or Independent Service by engaging in the conduct set forth above which, upon information and belief, was part of the scheme in which all Defendants participated.

142.    The breaches of such fiduciary duty by RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have directly and proximately caused Logistics Resource, C Pepper, and/or Independent Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of equipment to which Logistics Resource, C Pepper, and/or Independent Service had a valid possessory interest, loss of Pepper Electronic Property within said equipment, loss of customers, loss of business goodwill, loss of competitive advantage, loss of trade secrets, and loss of business.

143.    The exact amounts of these damages are unknown at present, but will be determined through discovery. Logistics Resource, C Pepper, and Independent Service reasonably believe, however, that such damages well exceed the $25,000 jurisdictional threshold for this Court.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS INC., C. PEPPER LOGISTICS, LLC, and INDEPENDENT SERVICE PROVIDER, LLC respectfully request that the Court enter judgment in their favor and against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, to award them damages in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

### COUNT V — BREACH OF DUTY OF LOYALTY
### (Against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30)

144.    Logistics Resource, C Pepper, and Independent Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

145.    An employee has a duty to not compete with his or her employer concerning the subject matter of the employment and must not act in a manner that is contrary to the employer's interest while so employed.

146.    As Office Managers, Transportation Managers, and Regional Transportation Managers of Logistics Resource, C Pepper, and/or Independent Service, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employees and had a duty of loyalty to said Logistics Resource, C Pepper, and Independent Service which was breached by:

a.    improperly engaging in active solicitation of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing's vendors, fellow employees, drivers, and trade secrets while still employed by Logistics Resource, C Pepper, and/or Independent Service;

b.    failing to perform their duties, including but not limited to, failing to deliver checks to vendors to which payments were due, soliciting employees, drivers of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing or causing

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

them to depart Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing; and/or

    c.      improperly obtaining confidential, trade secret, and proprietary information of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing with the intention of using it for a competitive advantage against Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing.

    147.    The actions of RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were, upon information and belief, undertaken as part of the scheme in which all Defendants participated.

    148.    The breaches of duty of loyalty by RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have directly and proximately caused Logistics Resource, C Pepper, and/or Independent Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of equipment to which Logistics Resource, C Pepper, and/or Independent Service had a valid possessory interest, loss of Pepper Electronic Property within said equipment, loss of customers, loss of business goodwill, loss of competitive advantage, loss of trade secrets, and loss of business.

    149.    The exact amounts of these damages are unknown at present, but will be determined through discovery. Logistics Resource, C Pepper, and Independent Service reasonably believe, however, that such damages well exceed the $25,000 jurisdictional threshold for this Court.

    **WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS INC., C. PEPPER LOGISTICS, LLC, and INDEPENDENT SERVICE PROVIDER, LLC respectfully request that the Court enter

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

judgment in their favor and against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, to award them damages in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

### COUNT VI - VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

150.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

151.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource's server, computer, computer network and/or computer system or systems that Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, accessed as described above was connected to the internet.

152.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource's server, computer, computer network and/or computer system or systems that Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

153.     Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource's server, computer, computer network and/or computer system or systems without authorization and/or exceeding their authorization and thereby obtained information from said protected server, computer, computer network and/or computer system or systems.

154.     Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 violated 18 U.S.C. § 1030(a)(4) by knowingly and with intent to defraud accessing the C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource's server, computer, computer network and/or computer system or systems without authorization and/or exceeding their authorization by means of such conduct which furthered the intended fraud and obtain the trade secrets and all or part of the trade secret, propriety and confidential information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource,  which was a value greater than $5,000.

155.     Through the above alleged acts, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 violated 18 U.S.C. § 1030(a)(5)(B) and (C), by intentionally accessing a protected computer without authorization and/or exceeding their authorization, causing damage to C Pepper, Timeless Logistical, Independent Service, Interstate Service, and Logistics Resource, recklessly or without due regard for their actions.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

156. C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource have suffered damage and loss by reason of these actions and violations, including, without limitation:

    a.  Loss of sales to, and payment for service from, Non-Lanter Customers,

    b.  Loss of compensation from the trade secret, propriety and confidential information of Pepper Companies,

    c.  Compensatory damages, including any expenditures reasonably and necessarily incurred by Pepper Companies to verify that a computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the access, and/or

    d.  Attorneys' fees incurred herein.

157. C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource have suffered damage and loss by reason of these actions and violations in an amount to be proven at trial, but, in any event, in an amount which is over $5,000 aggregated over a one-year period.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC, respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable and in excess of $25,000, together with interest and

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem just and proper.

### COUNT VII — VIOLATION OF THE MISSOURI COMPUTER TAMPERING ACT, Mo. Rev. Stat. SECTION 537.525 AND THE ILLINOIS COMPUTER CRIME PREVENTION LAW, 720 ILCS 5/17-51(c)

158.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, and Logistics Resource hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

159.    The trade secret, confidential, and proprietary information of Pepper Companies was maintained on computers owned by Logistics Resource and said computers were password protected.

160.    At some time from January 1, 2020 to August 29, 2020, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 knowingly performed one or more of the followings actions:

   a.   took data and/or supporting documentation, residing or existing internal or external to a computer, computer system, or computer network of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing;

   b.   accessed the computer, a computer system, computer network, and/or server of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing and intentionally examined confidential, trade secrets, and/or proprietary information; and/or

   c.   received, retained, used, or disclosed any data Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

CORDSEN, and JOHN DOES 1 THROUGH 30 knew or believed was obtained as result of an action described hereinabove.

161.    Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 did so knowingly and as part of the scheme, plan, coordination, and concerted efforts of Defendants.

162.    RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were without authorization to do so and/or exceeded their authority.

163.    As a direct and proximate result of the actions of all Defendants, including but not limited to RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 as part of the scheme, plan, coordination, and concerted efforts of Defendants, Plaintiffs have been damaged as follows:

a.    Loss of sales and service to, and payment for service from, Non-Lanter Customers,

b.    Loss of compensation from the trade secret, propriety and confidential information of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing,

c.    Compensatory damages, including any expenditures reasonably and necessarily incurred by C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing to verify that a computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the access, and/or

d.    Attorneys' fees incurred herein.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC. respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable and in excess of $25,000, together with interest and attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem just and proper.

### COUNT VIII - VIOLATION OF THE MISSOURI UNIFORM TRADE SECRETS ACT, MO. REV. STAT. § 417.450, ET SEQ. AND THE ILLINOIS TRADE SECRETS ACT, 765 ILCS 1065/2 ET SEQ.

164.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

165.    The confidential and proprietary information of Pepper Companies constitutes, as alleged hereinabove, trade secrets within the meaning of the respective Trade Secrets Acts in that it represented a selective accumulation of information based on past purchasing, pricing, and selling experience, and cultivation of customers, employees, and drivers, including the names, phone numbers, rate of pay, and other internal information for said drivers, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

166.    The confidential and proprietary information of Pepper Companies derived independent economic value, actual or potential, from not being generally known to, and not being

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

167.     The confidential and proprietary information of Pepper Companies were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid Pepper Companies user name and password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

168.     As Office Managers, Transportation Managers, and Regional Transportation Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of Logistics Resource.

169.     Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, by improper means as described above, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies to the benefit of Defendants and to the detriment of Pepper Companies.

170.     Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of Defendants.

171.     The trade secrets of Pepper Companies were acquired by all Defendants without the consent of Pepper Companies.

172.     Upon information and belief, all Defendants used the confidential and proprietary information of Pepper Companies for their own benefit.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

173.     Defendants acted with evil motive and reckless indifference to the rights and interests of Pepper Companies, warranting the imposition of punitive damages.

174.     As a proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

### COUNT IX — VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836(b)(1)

175.     C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

176.     The confidential and proprietary information of Pepper Companies as alleged hereinabove constitutes trade secrets within the meaning of the DEFEND TRADE SECRETS ACT

in that it represented financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, which Pepper Companies has taken reasonable measures to keep such information secret, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

177.    The confidential and proprietary information of Pepper Companies derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

178.    The confidential and proprietary information of Pepper Companies were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid Pepper Companies user name and password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

179.    As Office Managers, Transportation Managers, and Regional Transportation Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of Logistics Resource.

180.    Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, by improper means as described above knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies, which were part of the scheme, plan, coordination,

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

and concerted efforts of all Defendants, to the benefit of Defendants and to the detriment of Pepper Companies.

181.    Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of Defendants.

182.    The trade secrets of Pepper Companies were acquired by all Defendants without the consent of Pepper Companies.

183.    Upon information and belief, all Defendants used the confidential and proprietary information of Pepper Companies for their own benefit.

184.    As a proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages as set forth in 18 U.S.C. § 1836(b)(3)(B), for damages for actual loss caused by the misappropriation of the trade secret; for damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

disclosure or use of the trade secret; and in excess of $25,000, and such other and further relief as this Court may deem just and proper.

### COUNT X - INJUNCTION PURSUANT TO COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

185.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

186.    The unlawful access of Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 to, and theft from, C Pepper, Timeless Logistical, Independent Service, LRS Leasing, Interstate Service, and Logistics Resource's server, computer, computer network and/or computer system or systems as part of the scheme, plan, coordination, and concerted efforts of all Defendants also have caused C Pepper, Timeless Logistical, Independent Service, LRS Leasing, Interstate Service, and Logistics Resource irreparable injury.

187.    Unless restrained and enjoined, Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 will continue to benefit from the information gained from such acts where were part of Defendants' planned and scheme to disable and kill Pepper Companies.

188.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Pepper Companies to remedies including injunctive relief as provided by 18 U.S.C. § 1030(g).

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court enter a preliminary and permanent injunction against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and any persons acting in concert with them, so that they are enjoined from directly or indirectly from using, accessing, disseminating, or otherwise benefiting from the trade secret, propriety and confidential information of C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC and that they also shall return the trade secret, propriety and confidential information of C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC and all copies thereof, to Plaintiffs. Plaintiffs request such other and further relief as this Court may deem just and proper, including but not limited to the award of attorneys' fees and costs.

### COUNT XI - INJUNCTION PURSUANT TO MO. REV. STAT. § 417.455 AND 765 ILCS 1065/3

189.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

190.    The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing constitutes trade secrets within the meaning of the respective Uniform Trade Secrets Acts in that it represented a selective accumulation of information based on past purchasing, pricing, and selling experience, and cultivation of customers, employees, and independent contractors, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

191.    The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

192.    The confidential and proprietary information on the of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing user name and a valid password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

193.    As Office Manager, Area Managers, and Regional Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of C Pepper, Independent Service, and Logistics Resource.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

194.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD , and JOHN DOES 1 THROUGH 30, by improper means as described above, knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies to the benefit of all Defendants and to the detriment of Pepper Companies.

195.    Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of all Defendants.

196.    The trade secrets of Pepper Companies were acquired by Defendants without the consent of Pepper Companies.

197.    Upon information and belief, Defendants used the confidential and proprietary information of Pepper Companies for their own benefit.

198.    As a proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

199.    In bringing this cause of action, Pepper Companies are entitled reasonable attorneys' fees.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LRS LEASING, LLC, and INTERSTATE SERVICE PROVIDER, INC. respectfully request that this Court order Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 to return to them all their confidential information, in whatever

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

form or medium they are stored or maintained, and all copies thereof, in whatever form or medium they are stored or maintained, award costs and actual attorneys' fees, and for such other and further relief as this Court may deem just and proper.

### COUNT XII – CLAIM PURSUANT TO 49 U.S.C. § 14704

200.    Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

201.    Pursuant to 49 U.S.C. sections 14704(a) and (b), Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing may bring a civil action for injunctive relief and damages for violations of 49 U.S.C. section 14102 and the regulations promulgated thereunder.

202.    49 U.S.C. § 14102 enabled the US DOT to promulgate the Federal Motor Carrier "Leasing Regulations", 49 C.F.R. Part 376, which requires a written lease between a motor carrier and the "owner" of equipment used by the motor carrier.

203.    For the relevant period, Logistics Resource was the "owner" of the equipment and had the "right to exclusive use of equipment" pursuant to 49 C.F.R. section 372.2.

204.    Upon information and belief, Lanter Delivery, White Line, and/or Darien Brokerage used the equipment without a written lease with Logistics Resource, the "owner," for Lanter Delivery, White Line, and/or Darien Brokerage's benefit in violation of 49 C.F.R. sections 376.11 and 376.12.

205.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Pepper Companies were damaged by this violation of the aforesaid federal statute and regulations by not only depriving Logistics Resource of its possessory interest in the equipment at issue, but also to facilitate Defendant's scheme to disable and kill C

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing.

206.    In bringing this cause of action, Pepper Companies are entitled reasonable attorneys' fees pursuant to 49 U.S.C. section 14704(a).

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant an injunction and/or judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT XIII – CIVIL CONSPIRACY

207.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

208.    Defendants knowingly agreed in St. Louis County, State of Missouri, to conspire and did conspire to achieve the unlawful purpose of disabling and killing the Pepper Companies through the actions and conduct described above and below.

209.    In the course of their efforts in furtherance of their conspiracy, Defendants knowingly which include, but are limited to:

a. Hijacked, converted, and took possession of thousands of Logistics Resource's power units, trailers, and other equipment to which it had an exclusive possessory interest so that Defendants were unjustly enriched;

b. Took possession of Pepper Electronic Property;

c. Caused C Pepper, Timeless Logistical, Independent Service, Interstate Service's drivers to breach their independent contractor agreement or brokerage agreement;

d. Caused C Pepper, Independent Service, and/or Logistics Resource's managers and other employees to breach their duties of loyalty and fiduciary duties;

e. Caused C Pepper, Independent Service, and/or Logistics Resource's managers and employees to violate the trade secrets act and Defend Trade Secrets Act and transmit proprietary and confidential information of Pepper Companies to Lanter Delivery, White Line, and Darien Brokerage;

f. Engaged in computer tampering;

g. Violated the FMCSR (49 CFR Parts 390 and 391) by having independent contractors/drivers drive without a valid "application for employment", a valid pre-employment controlled substances and alcohol test, or valid placards on their trucks;

h. Unlawfully coerced and/or abetted drivers to violate the FMCSR;

i. Violated Federal Motor Carrier "Leasing Regulations" (49 CFR Part 376) by utilizing Logistics Resource's equipment without valid leases; and

j. Tortiously interfered with Pepper Companies' business expectations with Non-Lanter Customers by causing lessors to breach lease agreements relating to the lease of equipment.

210. In addition to the actions alleged hereinabove, Defendants cooperated, aided, and/or ratified each other's acts in furtherance of their conspiracy as alleged above.

211. Pepper Companies has suffered, and will continue to suffer, damages as a result of Defendants' acts in furtherance of their conspiracy.

212. Defendants acted with evil motive and reckless indifference to the rights and interests of Pepper Companies, warranting the imposition of punitive damages.

213. As a proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC, respectfully requests that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**Plaintiffs hereby request a jury trial on all issues so triable.**

Dated: September 4, 2020

                                       Respectfully submitted,

                                       _____

                                         Mark H. Levison, No. 29976
                                         Matthew S. McBride, No. 47598
                                         Patrick E. Foppe, No. 57124
                                         LASHLY & BAER, P.C.
                                         714 Locust Street
                                         St. Louis, Missouri 63101
                                         (314) 621-2939
                                         (314) 621-6844/Fax
                                         mlevison@lashlybaer.com
                                         mmcbride@lashlybaer.com
                                         pfoppe@lashlybaer.com

                                         Attorneys for Plaintiffs

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

20SL-CC04635

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

C. Pepper Logistics, LLC, et al.
Plaintiff/Petitioner

vs.

Lanter Delivery Systems, LLC, et al.
Defendant/Respondent

September 4, 2020
Date

Case Number

Division

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  Plaintiffs, by their counsel,                                  , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson,
Name of Process Server                    Address                                   Telephone
 Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman
Name of Process Server                    Address or in the Alternative             Telephone
                1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955
Name of Process Server                    Address or in the Alternative             Telephone
Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Lanter Delivery Systems, LLC
Name
 CT Corporation System/120 South Central Avenue
Address
 Clayton, MO  63105
City/State/Zip

SERVE:
 White Line Systems, LLC
Name
 William F. Ferrell/623 State Highway H
Address
 Sikeston, MO  63801
City/State/Zip

SERVE:
 Rachel Tomasek
Name
 OS899 Thondon Ridge Dr.
Address
 Elburn, IL  60119
City/State/Zip

SERVE:
 Mike Tomasek
Name
 OS899 Thondon Ridge Dr.
Address
 Elburn, IL  60119
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
     Deputy Clerk
 September 4, 2020
Date

 /s/Mark H. Levison
Signature of Attorney/Plaintiff/Petitioner
 29976
Bar No.
 714 Locust Street, St. Louis, MO  63101
Address
 (314) 621-2939          (314) 621-6844
Phone No.                            Fax No.

CCADM62-WS     Rev. 08/16

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 08/16

**20SL-CC04635**

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

<u>C. Pepper Logistics, LLC, et al.</u>
Plaintiff/Petitioner

vs.

<u>Lanter Delivery Systems, LLC, et al.</u>
Defendant/Respondent

<u>September 4, 2020</u>
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now <u>Plaintiffs, by their counsel,</u> , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
<u>SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson,</u>
Name of Process Server                    Address                                    Telephone

<u>Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman</u>
Name of Process Server                    Address or in the Alternative              Telephone

<u>1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955</u>
Name of Process Server                    Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
<u>Lanter Delivery Systems, LLC</u>
Name
<u>CT Corporation System/120 South Central Avenue</u>
Address
<u>Clayton, MO  63105</u>
City/State/Zip

SERVE:
<u>Rachel Tomasek</u>
Name
<u>0S899 Thondon Ridge Dr.</u>
Address
<u>Elburn, IL  60119</u>
City/State/Zip

SERVE:
<u>White Line Systems, LLC</u>
Name
<u>William F. Ferrell/623 State Highway H</u>
Address
<u>Sikeston, MO  63801</u>
City/State/Zip

SERVE:
<u>Mike Tomasek</u>
Name
<u>0S899 Thondon Ridge Dr.</u>
Address
<u>Elburn, IL  60119</u>
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By <u>/s/Miesha Goliday</u>
Deputy Clerk

<u>September 4 2020</u>
Date

<u>/s/Mark H. Levison</u>
Signature of Attorney/Plaintiff/Petitioner
<u>29976</u>
Bar No.
<u>714 Locust Street, St. Louis, MO  63101</u>
Address
<u>(314) 621-2939          (314) 621-6844</u>
Phone No.                              Fax No.

CCADM62-WS     Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**20SL-CC04635**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

 C. Pepper Logistics, LLC, et al. 
Plaintiff/Petitioner

vs.

 Lanter Delivery Systems, LLC, et al. 
Defendant/Respondent

__September 4, 2020__
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs, by their counsel,  , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson, 
Name of Process Server          Address          Telephone
 Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman 
Name of Process Server          Address or in the Alternative          Telephone
 1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955 
Name of Process Server          Address or in the Alternative          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Darien Brokerage, LLC 
Name
 William F. Ferrell/623 State Highway H 
Address
 Sikeston, MO  63801 
City/State/Zip

SERVE:
 Anton Lobov 
Name
 899 Henrietta Creek Road, #200 
Address
 Roanoke, TX  76262 
City/State/Zip

SERVE:
 Antoine Wingard 
Name
 5101 Terminal Street, Suite C 
Address
 Charlotte, NC  28208 
City/State/Zip

SERVE:
 Mark Cordsen 
Name
 20101 E. 36th Drive 
Address
 Aurora, CO 80011 
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
Deputy Clerk
 September 4, 2020 
Date

 /s/Mark H. Levison 
Signature of Attorney/Plaintiff/Petitioner
 29976 
Bar No.
 714 Locust Street, St. Louis, MO  63101 
Address
 (314) 621-2939          (314) 621-6844 
Phone No.          Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**20SL-CC04635**

# In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

 C. Pepper Logistics, LLC, et al.
Plaintiff/Petitioner

vs.

 Lanter Delivery Systems, LLC, et al.
Defendant/Respondent

September 4, 2020
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs, by their counsel,                                   , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson,
Name of Process Server                    Address                                    Telephone

 Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman
Name of Process Server                    Address or in the Alternative            Telephone

 1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955
Name of Process Server                    Address or in the Alternative            Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Darien Brokerage, LLC
Name
 William F. Ferrell/623 State Highway H
Address
 Sikeston, MO  63801
City/State/Zip

SERVE:
 Antoine Wingard
Name
 5101 Terminal Street, Suite C
Address
 Charlotte, NC  28208
City/State/Zip

SERVE:
 Anton Lobov
Name
 899 Henrietta Creek Road, #200
Address
 Roanoke, TX  76262
City/State/Zip

SERVE:
 Mark Cordsen
Name
 20101 E. 36th Drive
Address
 Aurora, CO 80011
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk
*/s/Miesha Goliday*

September 4, 2020          9/14/2020
Date

*/s/Mark H. Levison*
Signature of Attorney/Plaintiff/Petitioner
 29976
Bar No.
 714 Locust Street, St. Louis, MO  63101
Address
 (314) 621-2939          (314) 621-6844
Phone No.                              Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1)     Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)     The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)     Appointments may list more than one server as alternates.

(B)     The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)     Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)     No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)     Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)     This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**20SL-CC04635**

# In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

 C. Pepper Logistics, LLC, et al. 
Plaintiff/Petitioner

September 4, 2020
Date

vs.

Case Number

 Lanter Delivery Systems, LLC, et al. 
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs, by their counsel,                      , pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson, 
Name of Process Server          Address                                    Telephone
 Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman 
Name of Process Server          Address or in the Alternative               Telephone
              1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955 
Name of Process Server          Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 Randi Wood 
Name                                            Name
 21972 W. 125th Cir. 
Address                                         Address
 Olathe, KS  66061 
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk            /s/Mark H. Levison 
                                             Signature of Attorney/Plaintiff/Petitioner
                                              29976 
By _____          Bar No.
   Deputy Clerk                               714 Locust Street, St. Louis, MO  63101 
                                             Address
 September 4, 2020                            (314) 621-2939        (314) 621-6844 
Date                                         Phone No.              Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

Electronically Filed - St Louis County - September 04, 2020 - 01:07 PM

**20SL-CC04635**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_C. Pepper Logistics, LLC, et al._
Plaintiff/Petitioner

vs.

_Lanter Delivery Systems, LLC, et al._
Defendant/Respondent

**September 4, 2020**
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiffs, by their counsel,_ , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_SRI ( Marybeth Rice, Pat Medley, Richard Raymond, Richard Hopson,_

| | | |
|---|---|---|
| Name of Process Server | Address | Telephone |

_Martin Hueckel, Kathleen Langdon, Lawrence G. Roth & Gary Tillman_

| | | |
|---|---|---|
| Name of Process Server | Address or in the Alternative | Telephone |

_1528 S. Big Bend Blvd.  St. Louis, MO 63117 (314) 644-3955_

| | | |
|---|---|---|
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
_Randi Wood_
Name
_21972 W. 125th Cir._
Address
_Olathe, KS  66061_
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _/s/Miesha Goliday_
Deputy Clerk

_September 4, 2020_
Date
9/4/2020

_/s/Mark H. Levison_
Signature of Attorney/Plaintiff/Petitioner
_29976_
Bar No.
_714 Locust Street, St. Louis, MO  63101_
Address
_(314) 621-2939          (314) 621-6844_
Phone No.                                    Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - September 04, 2020 - 01:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 20SL-CC04635 |
|---|---|
| Plaintiff/Petitioner:<br>C. PEPPER LOGISTICS, LLC<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK H LEVISON<br>714 LOCUST STREET<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>LANTER DELIVERY SYSTEMS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Injunction | CLAYTON, MO 63105<br><div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to: LANTER DELIVERY SYSTEMS, LLC
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
ST. LOUIS, MO 63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>11-SEP-2020</u>
Date

_____
Clerk

Further Information:
MG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-8587** 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  20SL-CC04635 |
|---|---|
| Plaintiff/Petitioner:<br> C. PEPPER LOGISTICS, LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK H LEVISON<br>714 LOCUST STREET<br>SAINT LOUIS, MO  63101 |
| Defendant/Respondent:<br> LANTER DELIVERY SYSTEMS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:**  WHITE LINE SYSTEMS, LLC
**Alias:**

**WILLIAM F. FERRELL**
**623 STATE HIGHWAY H**
**SIKESTON, MO 63801**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>11-SEP-2020</u>
**Date**

**Further Information:**
**MG**

       /Clerk

---

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
    Printed Name of Sheriff or Server                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                             Date                          Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73