**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| C. PEPPER LOGISTICS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 4:20-cv-01444 |
| v. | ) | |
| | ) | |
| LANTER DELIVERY SYSTEMS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Rachel Tomasek, Mike Tomasek, Anton Lobov, Antoine Wingard, Mark Cordsen, and Randi Wood (collectively referred to as "the individual Defendants") have been hauled into this kitchen-sink, corporate lawsuit despite lacking the requisite – or even a tenuous – connection to Missouri. Indeed, none of these individual Defendants lived in Missouri, worked in Missouri, owned property in Missouri, or previously availed themselves as a litigant in a Missouri State or Federal Court. Even more is that the individual Defendants' complete lack of minimum contacts with Missouri is coupled with insufficiently vague allegations and threadbare recitals of the laws they purportedly violated. Plaintiffs have not, and cannot, prove the necessary facts establishing personal jurisdiction or plead a *prima facie* case that the individual Defendants violated any law.

As they must, Plaintiffs effectively concede these points, electing not to respond to the individual Defendants' Motion to Dismiss but instead filing an Amended Complaint. The problem remains, however, because Plaintiffs added only a handful of new, but obviously unavailing allegations relating to the individual Defendants. Therefore, the Amended Complaint

against the individual Defendants must be dismissed in its entirety because this Court lacks

personal jurisdiction over the individual Defendants and Plaintiffs have failed to state a claim.

## I.     The Court Lacks Personal Jurisdiction Over the Individual Defendants

### a.     Legal Framework

A Federal District Court may exercise personal jurisdiction over a non-resident defendant

"only to the extent permitted by the long-arm statute of the forum state and by the Due Process

Clause" of the Fourteenth Amendment.  K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588,

592 (8th Cir. 2011).  When challenged, the nonmoving party must prove jurisdiction is proper.

Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 820 (8th Cir. 2014).  "To survive a motion to

dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to

support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the

forum state."  Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004).  Plaintiffs'

conclusory allegations will not suffice for purposes of establishing personal jurisdiction over a

particular defendant.  Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006).

### b.     Missouri's Long-Arm Statute

The Eighth Circuit has held that Missouri's long-arm statute requires two separate

inquiries.  Myers v. Casino Queen, Inc., 689 F.3d 904, 909-910 (8th Cir. 2012) (citing Bryant v.

Smith Interior Design Grp., Inc., 310 S.W.3d 227, 231 (Mo. 2010)).  The first is to establish if a

defendant's conduct was covered by the long-arm statute.  Id.  The second, analyzes whether the

exercise of jurisdiction comports with due process requirements.  Id.  Here, the individual

Defendants' conduct was not covered by the Missouri long-arm statute, and an exercise of

jurisdiction over the individual Defendants violates due process.  Thus, Plaintiffs' Amended

Complaint should be dismissed as to the individual Defendants.

### *i.  The Missouri Long-Arm Statute is not Satisfied*

The basis for exercising personal jurisdiction over a non-resident party in Missouri is Missouri's long-arm statute, which provides in pertinent part:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> > (1) The transaction of any business within this state;
> > (2) The making of any contract within this state;
> > (3) The commission of a tortious act within this state;
> > (4) The ownership, use, or possession of any real estate situated in this state;
> > (5) The contracting to insure any person, property or risk located within this state at the time of contracting
> > (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500.

Plaintiffs casually attempt to claim that the individual Defendants engaged in an extraterritorial tortious act producing actional consequences in Missouri but lack the requisite factual allegations in support.  Indeed, the individual Defendants have not engaged in any of the acts set forth in the Missouri long-arm statute and should be dismissed from this lawsuit.  See generally Declaration of Rachel Tomasek ("R. Tomasek Decl."); Declaration of Mike Tomasek ("M. Tomasek Decl."); Declaration of Mark Cordsen ("M. Cordsen Decl."); Declaration of Randi Wood ("R. Wood Decl."); Declaration of Anton Lobov ("A. Lobov Decl."); and Declaration of Antoine Wingard ("A. Wingard Decl."), which are attached hereto as Exhibits A through F respectively.

"Although a plaintiff seeking to predicate long-arm jurisdiction on the accrual of a tort action within the forum state need not make a full showing on the merits that the nonresident

defendant committed the tort, a *prima facie* showing is required to defeat a motion for want of jurisdiction." Myers, 689 F.3d at 909 (citing Johnson v. Arden, 614 F.3d 785, 793 (8th Cir. 2010)). The required showing that the defendant has in fact committed the tort alleged in the complaint "requires more than a mere allegation that the defendant committed a tort; facts must be alleged that could satisfy the elements of the tort." Global Media Group, Inc. v. Express Tax Service, Inc., 2005 WL 2452542, at *3 (E.D. Mo. 2005). See also Nollman v. Armstrong World Industries, Inc., 603 F. Supp. 1168, 1171 (E.D. Mo. 1985) (citing Block Industries v. DHJ Industries, Inc., 495 F.2d 256, 259 (8th Cir. 1974)). As this Court has ruled, "[o]nce jurisdiction ha[s] been controverted or denied, [the plaintiffs] have the **burden of proving such facts**." Cornelius v. Deluca, 2009 WL 2568044, at *3-4 (E.D. Mo. 2009) (emphasis added).

Here, Plaintiffs are unable to make a *prima facie* case showing that the individual Defendants committed any of the 13 causes of action directed at them in Plaintiffs' Amended Complaint.[1]

## 1. Rachel Tomasek

Plaintiffs attempt to drag Ms. Tomasek, an Illinois resident and worker, into this Missouri litigation with catch-all allegations as to every Defendant but just two specific allegations against her. The irony, however, is that one of the two allegations specifically admits that Plaintiffs have "no knowledge" that Ms. Tomasek did anything wrong, but Plaintiffs simply have the unfounded "belief" that Ms. Tomasek was a part of some conspiracy. Compl. ¶ 157.

---

[1] As further support that Plaintiffs fail to meet their pleading burden, which is heightened because personal jurisdiction is denied, the individual Defendants refer the Court to Sections II and III of this Memorandum wherein the individual Defendants request to join co-Defendants' Rule 12(b)(6) Motions to Dismiss (DKT. 55-56 & 58-59) and explain why Plaintiffs' claims fail even under the normal, less stringent Rule 12(b)(6) and Rule 8 pleading standards.

As for the other allegation, it is an outright fabrication. Plaintiffs allege that in July 2020, Ms. Tomasek and her husband flew to Texas for a secret meeting with Alonzo White and other individuals . Compl. ¶¶ 75-77. Mr. and Ms. Tomsaek did not go to Texas in July 2020. Indeed, Ms. Tomasek has never been to the state of Texas. R. Tomasek Decl.

This bare pleading cannot survive a motion to dismiss under Rule 12(b)(6) and Rule 8(a)(2) because, *inter alia*, when there are multiple defendants, "plaintiff is required to allege specific facts showing what each named defendant did to violate his rights." <u>Potter v. Lineback</u>, 2018 WL 2335762, *4 (E.D. Mo. 2018). <u>See also</u> <u>Vance v. Am. Soc. of Composers, Authors, Publishers</u>, 271 F.2d 204, 207 (8th Cir. 1959) (because a complaint must contain facts from which the Court can reasonable infer "the defendant is liable," Rule 8 is not satisfied when the complaint "lumps all the…defendants together."). More pertinently here, where personal jurisdiction has been challenged, Plaintiffs' pleading is unable to satisfy their heightened burden of ***proving*** that Ms. Tomaesek violated the laws in question. <u>Deluca</u>, 2009 WL 2568044, at *3-4. <u>See also</u> R. Tomasek Decl. Therefore, Ms. Tomasek must be dismissed from this lawsuit.

### 2. Mike Tomasek

The scarce allegations pertaining to Mr. Tomasek, another Illinois resident and employee, likewise fail. The first is the made-up trip to Texas in July 2020. Compl. ¶¶ 75-77. Mr. Tomasek did not fly – or travel by any form of transportation – to Texas in July 2020, and the alleged meeting with Lonnie White et al. never occurred. M. Tomasek Decl.

The other allegation is insignificant. Plaintiffs allege that Mr. Tomasek emailed payroll information to **<u>himself</u>**. Compl. ¶¶ 78-81. This is true, but it was solely for Mr. Tomasek's use to ensure drivers would be properly compensated. M. Tomasek Decl. Plaintiffs go on to allege "upon information and belief" that Mr. Tomasek then emailed this information to Lanter in St.

Louis, Missouri.  Id.  This, however, is false.  Mr. Tomasek did not send this information to Lanter in St. Louis, Missouri, id., and because personal jurisdiction has been challenged, Plaintiffs cannot hide behind prefacing this erroneous contention with "upon information and belief" to avoid dismissal.

Plaintiffs allege no facts proving a *prima facie* case against Mr. Tomasek.  He must be dismissed from this lawsuit.

### 3.  Mark Cordsen

Again, Plaintiffs rely on just one specific allegation against Mr. Cordsen to rope this Colorado resident and Colorado employee into a corporate dispute in Missouri.  In Plaintiffs' first iteration of the Complaint, that allegation did not consist of any actions taken by Mr. Cordsen.  It only alleged (as it still does) that an email was sent **to** him on August 25, 2020 – when he was **not** an employee of Plaintiffs.  Compl. at ¶ 115.  Now, however, Plaintiffs have vaguely added that at some point in time – again, while Mr. Cordsen was **not** an employee of Plaintiffs' – that he responded to this email.  Id. at ¶ 116.  Plaintiffs do not allege when nor do they allege to whom Mr. Cordsen responded.  Nor do they allege how any response from Mr. Cordsen coming when he was no longer an employee of Plaintiffs runs afoul of any law.

Similar to Ms. Tomasek, the sole allegation against Mr. Cordsen fails under Rule 12(b)(6) and Rule 8(a)(2) because, *inter alia*, when there are multiple defendants, "plaintiff is required to allege specific facts showing what each named defendant did to violate his rights." Lineback, 2018 WL 2335762 at *4.  Moreover, here, where personal jurisdiction has been challenged, Plaintiffs' pleading is unable to satisfy their heightened burden of proving that Mr. Cordsen violated the laws in question.  Deluca, 2009 WL 2568044, at *3-4.  See also M.

Cordsen Decl.  The allegations against Mr. Cordsen are entirely insufficient to prove that he violated any law.  Therefore, Mr. Cordsen must be dismissed from this lawsuit.

### 4.  Randi Wood

There is one single specific allegation as to Ms. Wood – another non-Missouri resident and employee.  Compl. ¶¶ 102-105.  Plaintiffs allege that on August 23, 2020, Ms. Wood was instructed to not send payroll information to Plaintiffs but instead to send it to Lanter.  Id.  First, on August 23, 2020, Ms. Wood was **no longer** an employee of Plaintiffs.  R. Wood Decl.  Second, Ms. Wood **no longer** had access to Plaintiffs' email system because Plaintiffs shut it off; therefore, because Ms. Wood was unable to send payroll to Plaintiffs without a valid email address, she inquired and was told to turn payroll into Mr. Bontemps for handling.  Id.  Third, Plaintiffs fail to set forth how, or why, this payroll information was confidential or proprietary.  Plaintiffs failure to allege these facts is for good reason:  Logistics Resource Solutions, Inc.'s ("LRS") payroll information was not confidential or proprietary.  Id.  This information was routinely seen by Lanter Delivery Systems, LLC personnel.  Id.

A review of sole fact alleged against Ms. Wood shows that Plaintiffs are unable to prove a *prima facie* case as to any Count of this lawsuit against her, and Ms. Wood must be dismissed from this lawsuit.

### 5.  Anton Lobov

Mr. Lobov lives and works in Texas.  A. Lobov Decl.  The only specific allegations about Mr. Lobov relate to emails he sent, containing driver payroll and performance information.  Compl. ¶¶ 94-101.  These allegations alone are insufficient to state any of the 13 claims in this lawsuit under both the less stringent standards of Rule 12(b)(6) and 8(a)(2) and the heightened standard now that personal jurisdiction has been denied.  That is because Mr. Lobov never

communicated with Lanter Delivery Systems, LLC, White Line Systems, LLC, or Darien Brokerage, LLC employees or representatives to orchestrate of activities that would lead to any of the C. Pepper Companies ceasing business operations before August 22, 2020. A. Lobov Decl. He did not take any confidential or proprietary information from LRS or its affiliates upon his termination of employment with LRS; nor did he provide any confidential or proprietary information of LRS or its affiliates to any other business. Id.

Critically, and dispositively, Plaintiffs failed to set forth how, or why, driver payroll or performance information was a trade secret, confidential, or proprietary and failed to allege any facts supporting the conclusory assertion that their purported trade secrets derive independent economic value from their secrecy. Plaintiffs failure to allege these facts is for good reason: C. Pepper Companies' payroll, equipment, and route information was not confidential or proprietary. A. Lobov Decl. This information was routinely seen by Lanter Delivery Systems, LLC personnel. Id.

With the facts alleged, Plaintiffs are unable to prove a *prima facie* case as to any Count of this lawsuit against Mr. Lobov, and he must be dismissed from this lawsuit.

### 6. Antoine Wingard

The sole specific allegation pertaining to North Carolina resident and employee, Mr. Wingard, is that he sent payroll information for his North Carolina drivers to a Lanter employee. Compl. ¶¶ 108-109. Similar to the individual Defendants above, this solo allegation is insufficient under the less stringent standards of Rule 12(b)(6) and 8(a)(2). It thus follows that it also fails under requisite heightened standard requiring Plaintiffs to prove facts that Mr. Wingard violated the 13 laws at issue.

Mr. Wingard did not take any confidential or proprietary information from his former employer, LRS; nor did he provide any such information to any other employer. <u>See</u> A. Wingard Decl. Indeed, absent from Plaintiffs' allegations are what exactly they are alleging to be "trade secret, confidential, and proprietary." It appears Plaintiffs are casually asking this Court to assume that driver payroll information fits this category, but it does not. Driver payroll information is not confidential or proprietary with respect to the Parties in this lawsuit. Such payroll was routinely seen by Lanter Delivery Systems, LLC et al. throughout the course of the Parties' business relationship. Importantly, Defendant Lanter was responsible for setting this payroll in the contract with C. Pepper Logistics, LLC et al. <u>Id.</u>

Because Plaintiffs have not alleged, and cannot prove, facts that Mr. Wingard is liable under any cause of action in front of this Court, he must be dismissed from this lawsuit.

### ii. Due Process is Not Met

Plaintiffs have failed to prove that the individual Defendants engaged in conduct satisfying the Missouri Long Arm statute, and as a result, the individual Defendants should be dismissed from this litigation. If, however, the Court moves to the due process inquiry, Plaintiffs fair no better.

Now that the individual Defendants have challenged personal jurisdiction, it is Plaintiffs' burden to prove facts supporting such jurisdiction[2]. <u>Wells Dairy, Inc. v. Food Movers Int'l, Inc.</u>, 607 F.3d 515, 518 (8th Cir. 2010). To do so, Plaintiffs must prove facts that the individual Defendants have at least "certain minimum contacts" with Missouri. <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). Those contacts must be sufficient that requiring the

---

[2] Personal jurisdiction must be either "general" or specific." General jurisdiction has described by the Supreme Court as follows: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 760 (2014). Because those concepts do not remotely apply to the individual Defendants, Plaintiffs must satisfy the requirements of specific jurisdiction.

individual Defendants to litigate in Missouri would not "offend traditional notions of fair play and substantial justice." Id. As such, the contacts "must come about by an action of the defendant purposefully directed toward [Missouri]." Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 112 (1987) (internal citations omitted).

The purposeful availment requirement is critical. It ensures that a defendant will not be hauled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated contacts" or due to "the unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 417 U.S. 462, 475 (1985) (citations omitted). The Supreme Court recently highlighted this importance and clarified that regardless of a defendant's contact with the forum state, specific jurisdiction is only proper where the suit arises out of the specific contact with the forum. Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty., 137 S. Ct. 1773, 1781 (2017).

In the case *sub judice*, Plaintiffs have failed to plead sufficient facts (and with respect to many of the individual Defendants no facts at all) to make a *prima facie* showing that personal jurisdiction exists. K-V Pharm. Co., 648 F.3d 591-92. With respect to **all Defendants,** the Amended Complaint states only that "[t]his Court has jurisdiction over Defendants because the causes of action asserted against them arise out of the transaction of business or the making of contracts within the State of Missouri, and because the tortious conduct alleged herein occurred in the State of Missouri." Compl. ¶ 23. In their Amended Complaint, Plaintiffs summarily added – with no factual support – that "defendants reasonably anticipated that their tortious conduct would cause them to be haled [sic] into the State of Missouri." Id. This is nonsense.

Plaintiffs' lawsuit is devoid of necessary specific factual allegations that the individual Defendants engaged in any activity availing themselves to the jurisdiction of Missouri courts. It bears repeating that when there are multiple defendants, "plaintiff is required to allege specific

facts showing what each named defendant did to violate his rights." <u>Potter</u>, 2018 WL 2335762, *4. <u>See also</u> <u>Vance</u>, 271 F.2d at 207 (Because a complaint must contain facts from which the Court can reasonable infer "the defendant is liable," Rule 8 is not satisfied when the complaint "lumps all the…defendants together."). Plaintiffs' failure to plead facts supporting personal jurisdiction as to the individual Defendants certainly stems from their inability to **<u>prove</u>**, as they now must, facts supporting jurisdiction as to the individual Defendants. That is because facts granting this Court personal jurisdiction over the out of state individual Defendants do not exist.

Not one of the individual Defendants worked for Plaintiffs in Missouri. In fact, LRS, the pertinent plaintiff, is an Illinois corporation. <u>See</u> R. Tomasek Decl.; M. Tomasek Decl.; R. Wood Decl.; M. Cordsen Decl.; A. Wingard Decl.; and A. Lobov Decl. Not one of the individual Defendants lived in Missouri, owned or leased property in Missouri, held a bank account in Missouri, availed his or herself to a Missouri court, or owned or operated a Missouri business. <u>Id.</u> And not one of the individual Defendants traveled to Missouri to perform his or her job functions. <u>Id.</u>[3] Finally, prior to the end of their employment with LRS, the individual Defendants **<u>never</u>** communicated with Lanter Delivery Systems, LLC, White Line Systems, LLC, or Darien Brokerage, LLC employees or representatives (in Missouri or any other state) concerning any orchestration of activities that would lead to the cessation of LRS's – or any C. Pepper Logistics, LLC affiliate's – business operations. <u>Id.</u> Put simply, they had no role in the alleged conspiracy or plot described in this lawsuit. <u>Id.</u> Therefore, Plaintiffs have not, and cannot, allege – much less prove – facts bestowing this Court with personal jurisdiction over the individual Defendants.

---

[3] Mike Tomasek was the only individual Defendant to ever travel to Missouri for any work-related purpose. Critically, however, Mr. Tomasek attended only *one* business-related meeting in Missouri while working for LRS, and it was entirely unrelated to the allegations contained in this lawsuit. M. Tomasek Decl.

### 1. Rachel Tomasek (Illinois Resident and Employee)

There are no specific allegations connecting Ms. Tomasek to Missouri. This Court lacks personal jurisdiction over her.

### 2. Mike Tomasek (Illinois Resident and Employee)

The sole allegation that in any way connects Mr. Tomasek to Missouri comes in paragraph 81 of the Amended Complaint. There, Plaintiffs allege that "upon information and belief, this information of Pepper Companies was emailed by Mike Tomasek to Lanter Delivery offices in St. Louis, Missouri in furtherance of the conspiracy." First, Mr. Tomasek did no such thing, and calls into question Plaintiffs' purported "information and belief." M. Tomasek Decl. Second, a sole email is insufficient to establish personal jurisdiction. Viasys., Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 594 (8th Cir. 2011) ("scattered e-mails, phone calls, and a wire transfer of money" to the forum state did "not constitute deliberate and substantial connection with the state" that would authorize specific jurisdiction.). See also Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 1982) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."); Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 656 (8th Cir. 1982) ("[T]he use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing alone, to satisfy due process."). Mr. Tomasek must therefore be dismissed from this litigation.

### 3. Mark Cordsen (Colorado Resident and Employee)

As with Mr. Tomasek, there is just a single allegation of personal activity (as opposed to the unilateral activity of another) that in any way connects Mr. Cordsen to Missouri: that at

some point when he was no longer an employee of Plaintiffs, Mr. Cordsen responded to an email that may, or may not, have been sent by Lanter from its St. Louis, Missouri office.[4]

First, Mr. Cordsen's last day of employment with Plaintiffs/LRS was August 21, 2020; Plaintiffs did not pay him wages for work performed from August 10, 2020, through August 21, 2020. Cordsen Decl. Plaintiffs allege that Mr. Cordsen's purported email response occurred **well** **after** his employment with Plaintiffs – some unknown time after August 25, 2020. Compl. ¶¶ 115-16. Thus, the alleged response is irrelevant and cannot be a basis for any unlawful conduct alleged in the Amended Complaint. What is more, Plaintiffs have not, and cannot, allege how any such response or "update" by Mr. Cordsen, who was no longer an employee of Plaintiffs, in any way contained Plaintiffs' trade secrets or what those trade secrets allegedly were. Second, Mr. Cordsen never received the alleged email and never sent the alleged "update" email. Cordsen Decl. Finally, a sole email is insufficient to establish personal jurisdiction. Viasys., Inc., 646 F.3d at 594 ("scattered e-mails, phone calls, and a wire transfer of money" to the forum state did "not constitute deliberate and substantial connection with the state" that would authorize specific jurisdiction.). See also Porter, 293 F.3d at 1076 ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."); Mountaire Feeds, Inc., 677 F.2d at 656 ("[T]he use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing alone, to satisfy due process."). Mr. Cordsen should be dismissed from this litigation.

4. Randi Wood (Kansas Resident and Employee)

True to form, there is just one vague allegation connecting Ms. Wood to Missouri. Plaintiffs now claim Randi Wood was instructed to not send payroll information to LRS but

---

[4] Notably, Lanter has two main offices: one is in Des Peres, Missouri, and the other is in Maddison, Illinois.

instead to send it to Lanter – more specifically Kevin Bontemps, who Plaintiffs allege was in St. Louis, Missouri.  Id.  Plaintiffs new attempt to confer personal jurisdiction must fail.

First, at all times relevant, Ms. Wood worked, and still works, in Kansas.  R. Wood Decl. Second, Mr. Bontemps, to whom Ms. Wood sent the email, worked, and still works, in Maddison, Illinois – not Missouri.  Id.  Third, a sole email is insufficient to establish personal jurisdiction.  Viasys., Inc., 646 F.3d at 594 ("scattered e-mails, phone calls, and a wire transfer of money" to the forum state did "not constitute deliberate and substantial connection with the state" that would authorize specific jurisdiction.).  See also Porter, 293 F.3d at 1076 ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."); Mountaire Feeds, Inc., 677 F.2d at 656 ("[T]he use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing alone, to satisfy due process.").

### 5.  Anton Lobov (Texas Resident and Employee)

Plaintiffs do not claim any specific facts connecting Anton Lobov – a Texas employee and resident – to Missouri.  A. Lobov Decl.  Indeed, none exist.  Likewise, personal jurisdiction over Mr. Lobov does not exist, and he should be dismissed from this lawsuit.

### 6.  Antoine Wingard (North Carolina Resident and Employee)

Plaintiffs seek to manufacture personal jurisdiction as to Antoine Wingard by pointing to a single email that he sent to Jeff Pentecost.  Plaintiffs allege that they believe Pentecost was in St. Louis County, Missouri.  Compl. ¶ 108.  First, a single email is insufficient to establish jurisdiction.  Viasys., Inc., 646 F.3d at 594 ("scattered e-mails, phone calls, and a wire transfer of money" to the forum state did "not constitute deliberate and substantial connection with the state" that would authorize specific jurisdiction.).  See also Porter, 293 F.3d at 1076 ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process

clause."); <u>Mountaire Feeds, Inc.</u>, 677 F.2d at 656 ("[T]he use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing alone, to satisfy due process."). Second, Plaintiffs' belief is wrong. Jeff Pentecost is not officed in Missouri; he lives and works in the Dallas Texas area. A. Wingard Decl. There is no Missouri connection.

The exercise of personal jurisdiction over the individual Defendants is not consistent with due process, and Rachel Tomasek, Mike Tomasek, Randi Wood, Mark Cordsen, Anton Lobov, and Antoine Wingard should be dismissed from this lawsuit.

## II. Plaintiffs Fail to State a Claim Against the Individual Defendants as a Matter of Law

### a. Legal Standard

Plaintiffs' Amended Complaint must be dismissed if it does not contain sufficient factual matter, which if accepted as true, states a claim to relief that is "plausible on its face." <u>See</u> <u>Glick v. Western Power Sports, Inc.</u>, 944 F.3d 714, 717 (8th Cir. 2019). Something beyond mere possibility must be alleged, and thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements will not do." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Noteworthy here is that when there are multiple defendants, stating a plausible claim against any particular defendant requires factual allegations *specific to that defendant*. That is, "plaintiff is required to allege specific facts showing what each named defendant did to violate his rights." <u>Potter</u>, 2018 WL 2335762, *4. Thus, "a complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." <u>Boggs v. Am. Optical Co.</u>, 2015 WL 300509, *2 (E.D. Mo. Jan. 22, 2015). This initial pleading burden seeks to ensure that plaintiffs with groundless claims are not allowed to

improperly "take up the time of a number of other people…"  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007).

Plaintiffs have failed to state a claim against any of the individual Defendants.  Instead, Plaintiffs have sought to saddle these out of state residents with expending time and resources to defend groundless claims that are supported with nothing more than conclusory allegations and/or alleged conduct lumped together with several others through undifferentiated pleading. As such, this Court will satisfy the Supreme Court's clear aim of the pleading standard by dismissing all claims against the individual Defendants and relieving them of this improper burden.

  b.  Count IV Must be Dismissed as to All of the Individual Defendants

Plaintiffs fail to state a breach of fiduciary duty claim against the individual Defendants.

First, "[w]hen breach of fiduciary duty is asserted as a tort claim, as here, the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm."  Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 15 (Mo. 2012) (citing Zakibe v. Ahrens & McCarron, Inc., 28 S.W.3d 373, 381 (Mo. App. E.D. 2000)).  Thus, Plaintiffs were required to allege facts such that it is plausible to infer that the individual Defendants owed Plaintiffs a fiduciary duty. Plaintiffs did no such thing, and therefore this claim must be dismissed as a matter of law.

With not one supporting fact, Plaintiffs cursorily allege that each of the individual Defendants – whose positions include that of Office Manager – is a "top tier" and "upper echelon employee" of LRS and thus owed a fiduciary duty to LRS.  Compl. ¶¶ 222-28.  This is insufficient as a matter of law and has been squarely addressed by the Missouri Supreme Court.

In <u>Western Blue</u>, the Missouri Supreme Court ruled that while "Missouri law is clear that officers and directors of public and closely held corporations are fiduciaries…," they have never ruled – or even seen a decision from another jurisdiction rule – "that an at-will employee who is not subject to a non-compete agreement and is neither an officer, director, partner or member of a limited liability corporation owes a fiduciary duty to his or her employer." 367 S.W.3d at 16. That is because, generally, "an employer-employee relationship, without more, is insufficient to cause a confidential relationship to exist as to knowledge naturally acquired during employment." <u>Id.</u> (internal citation and quotations omitted). Instead, "to establish a confidential relationship [or a fiduciary duty] between an employer and an employee, "[t]here must be either an express understanding as to the confidential nature of the information or it must be acquired under such circumstances that the employee must necessarily be aware of the confidence reposed in him." <u>Id.</u> Applying these standards, the en banc Missouri Supreme Court held that the defendant, a former vice-president of the plaintiff, did not owe the former employer/plaintiff a fiduciary duty, pertaining to information she acquired in her day to day activities as a vice president. <u>Id.</u> at 18 (the defendant's "**status as an at-will employee not bound by a non-compete agreement foreclosed her from owing Western Blue a fiduciary duty**").

Pursuant to <u>Western Blue</u>, Plaintiffs must allege facts as to how a fiduciary relationship was created between Plaintiffs and the individual Defendants who 1) were not officers, directors, partners, or members of the company and 2) were nothing more than at-will employees not subject to a non-compete agreement. Plaintiffs have not, and cannot, allege these facts, and it is clear that the individual Defendants were not fiduciaries of Plaintiffs. Therefore, Count IV must be dismissed as to all of the individual Defendants as a matter of law.[5]

---

[5] "Whether a fiduciary duty exists is a question of law." <u>Western Blue</u>, 367 S.W.3d at 15.

Second, Plaintiffs generally pled, without any supporting facts, that the individual Defendants breached their fiduciary duty – a duty they did not have.  In doing so, however, Plaintiffs lumped all of the individual Defendants together and did not identify who allegedly did what to whom.  Compl. ¶ 231.  "[A] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."  <u>Boggs</u>, 2015 WL 300509, *2.  Count IV must be dismissed.

  c. <u>Count V Must be Dismissed as to All of the Individual Defendants</u>

**Similar to Count IV,** Plaintiffs generally pled, without any supporting facts, that the individual Defendants breached their duty of loyalty.  In doing so, however, Plaintiffs lumped all of the individual Defendants together and did not identify who allegedly did what to whom. Compl. ¶ 236.  " [A] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."  <u>Boggs,</u> 2015 WL 300509, *2.  Count V must be dismissed.

Moreover, to the extent Plaintiffs point to the emails sent by Defendants as supporting facts, they still fail.  The emails, as alleged, were sent **<u>after</u>** their employment with Plaintiffs ended.  The duty of loyalty to an employer ceases to exist at the conclusion of employment, and therefore, Count V fails for this separate reason as to the individual Defendants.  <u>See</u> <u>Western Blue</u>, 367 S.W.3d at 17-18.

### III. The Individual Defendants Request to Join, In Part, Defendants White Line Systems, LLC's and Darien Brokerage, LLC's and Defendant Lanter Delivery Systems, LLC's 12(b)(6) Motions to Dismiss

The individual Defendants request permission to join, in part, Defendants White Line Systems, LLC's ("White Line") and Darien Brokerage, LLC's ("Darien") and Defendant Lanter Delivery Systems, LLC's Rule 12(b)(6) Motions to Dismiss, which were filed on October 30, 2020 (DKT. 55-56 & 58-59). The decision to join these Motions to Dismiss does not result in the change of substance of either Motion and is in the interest of judicial economy. More specifically, the individual Defendants request to join the following legal arguments for each respective Count of the lawsuit[6]:

#### a. Count I Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' conversion claim fails as a matter of law because 1) Plaintiffs improperly lump all "Defendants" together (Compl. ¶¶ 185-86) and make no specific allegations as to the individual Defendants, see DKT. 59, pp. 3-5; 2) it is preempted by the Missouri Uniform Trade Secrets Act ("MUTSA"), id.; DKT. 56, pp. 4-5, 12-13; and 3) under Missouri law, a claim for conversion does not apply to intangible items. See DKT. 56, pp. 4-5; DKT. 59, pp. 3-4.

#### b. Count II Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' unjust enrichment claim fails as a matter of law because 1) it is predicated on the misappropriation of trade secret information (Compl. ¶¶ 191-93) and is thus preempted by the MUTSA, see DKT. 59, p. 4; DKT. 56, pp. 12-13, and 2) Plaintiffs failed to allege facts that the individual Defendants appreciated or retained any benefit conferred by Plaintiffs. See DKT. 59, pp. 4-5; DKT. 56, pp. 5-6.

---

[6] In not one of Plaintiffs' 13 Counts did they adequately allege facts showing that the individual Defendants possessed the requisite state of mind to justify punitive damages, and any prayer for punitive damages should therefore be dismissed. See e.g., DKT. 26, p. 5.

c.   Count III Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' tortious interference claim fails as a matter of law because 1) it is based on a misappropriation of trade secrets (Compl. ¶¶ 118, 124) and is thus preempted by the MUTSA, see DKT. 59, p. 5; DKT. 56, pp. 12-13; 2) Plaintiffs failed to plead specific facts – and improperly lumped all "Defendants" together – as to whether the individual Defendants knew of any business expectancy (Compl. ¶ 207) or intentionally caused a breach of any reasonable expectancy (Compl. ¶¶ 214, 216, 218).  See DKT. 59, p 6.

d.   Counts VI and X Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' claim pursuant to the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq. fail because 1) they failed to allege a loss that is covered by CFAA, DKT. 59, pp.7-8, 2) Plaintiffs failed to allege facts setting forth which of the several individual Defendants purportedly engaged in what specific action or whether any of the individual Defendants – each of which were labeled by Plaintiffs as "top tier" "upper echelon" employees of Plaintiffs – was or was not authorized to certain computer access.  Indeed, if the individual Defendants had authorized access to the information at issue, there is no violation, id. at p. 8-9 (citing U.S. v. Valle, 807 F.3d 508, 523-528 (2d Cir. 2015) (authorized access put to unauthorized use does not violate the statute)); 3) civil actions are only available for violations of 18 U.S.C. § 1030(a)(5)(B), DKT. 56, p. 14; 4) Plaintiff pled no facts showing any "damage" as required under the statute, DKT. 59, p. 9; DKT. 56, p. 15; and 5) it is preempted by the MUTSA claim. DKT. 56, pp. 12-13.

e.   Count VII Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' computer tampering claim pursuant to Mo. Rev. Stat. § 537.525 and/or 720 ILCS 5/17-51(c) fails as a matter of law because 1) the claim is based on a misappropriation of

trade secrets and is thus preempted by MUTSA, DKT. 59, p. 9; DKT. 56, pp. 12-13, and 2) Plaintiffs failed to allege facts setting forth which of the several individual Defendants purportedly engaged in what specific action (Compl. ¶ 257), or whether any of the individual Defendants – each of which were labeled by Plaintiffs as "top tier" "upper echelon" employees of Plaintiffs – was or was not authorized to certain computer access. Id. at p. 10.

f. Counts VIII, IX, X, and XI Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' claims under the Missouri Uniform Trade Secrets Act, Illinois Trade Secrets Act, and Defend Trade Secrets Act fail because Plaintiffs did not define their alleged trade secrets with sufficient specificity and did not allege any facts supporting the conclusory assertion that their purported trade secrets derive independent economic value from their secrecy. DKT. 59, pp. 10-11; DKT. 56, pp.6-12.

g. Count XII Must Be Dismissed as to All of the Individual Defendants

Plaintiffs' claim pursuant to 49 U.S.C. § 14704 fails as a matter of law because 1) Plaintiffs have not, and cannot, allege that any individual Defendant is an "authorized carrier" under the statute, DKT. 56, pp. 15-17; 2) Plaintiffs do not "fall within the zone of interest to be protected by the statute in question," DKT. 59, pp. 12-13; 3) Plaintiffs failed to plausibly allege that the written lease caused them any damage, id. at pp. 13-14; and 4) Plaintiffs failed to allege that the individual Defendants engaged in any unlawful conduct or even that the individual Defendants used the equipment without a lease. Indeed, Plaintiffs only allege that "Lanter Delivery, White Line and/or Darien used the equipment without a written lease" – **nothing** about the individual Defendants. Id. at p. 14.

h.  Count XV Must be Dismissed as to All of the Individual Defendants

Plaintiffs' civil conspiracy claim fails as a matter of law because Plaintiffs failed as a matter of law to state any underlying cause of action against the individual Defendants and alleged no facts specifically setting forth which, if any, individual Defendant satisfies the elements of civil conspiracy, including, but not limited to, a meeting of the minds.  DKT. 59, p. 14; DKT. 56, p. 19.

## IV.  Conclusion

For the foregoing reasons, Defendants Mike Tomasek, Rachel Tomasek, Mark Cordsen, Randi Wood, Anton Lobov, and Antoine Wingard respectfully request that all Counts in the Amended Complaint be dismissed against them pursuant to Rules 12(b)(2) and/or 12(b)(6) of the Federal Rules of Civil Procedure, and for any further and additional relief this Court deems just and proper.

Respectfully submitted,

HKM Employment Attorneys LLP

By  */s/ S. Cody Reinberg*
    S. Cody Reinberg #66174
    9666 Olive Blvd., Suite 202A
    St. Louis, Missouri 63132
    314-391-9557
    creinberg@hkm.com

*Attorneys for Antoine Wingard, Rachel Tomasek, Mike Tomasek, Anton Lobov, Mark Cordsen, and Randi Wood*

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, December 23, 2020, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

/s/ S. Cody Reinberg